UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

04 11077 NG

RECEIVED
Clerk's Office
USDC, Mass.
Date 5-24-04
By _____ CMG
Deputy Clerk

```
* * * * * * * * * * * * * * * * * * * * * * * *
JAMES SINATRA                    *    C.A. NO.:
     Plaintiff                   *
                                 *
v.                               *    COMPLAINT
                                 *
BOSTON TUGBOAT COMPANY, INC.     *
TUG ETHEL TIBBETTS,              *
CYPRESS POINT SHIPPING, LTD      *   MAGISTRATE JUDGE Alexander
and TANKER MOUNTAIN LADY         *
     Defendants                  *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * *
```

RECEIPT # 56158
AMOUNT $ 150
SUMMONS ISSUED YES
LOCAL RULE 4.1 ✓
WAIVER FORM ✓
MCF ISSUED ___
BY DPTY. CLK. Ro-M
DATE 5/25/04

## THE PARTIES

1. The plaintiff, **James Sinatra,** resides in Errol, New Hampshire and at all times hereinafter referred to, was employed as a cargo gauger by of Camin Cargo Control, 230 Marion Avenue, Linden, NJ.

2. The defendant, **Boston Tugboat Company, Inc.**, Staten Island, New York, is a duly organized corporation existing under the laws of the State of New York, and at all times hereinafter referred to was doing business in the Commonwealth of Massachusetts, and owned, operated and/or controlled the **TUG ETHEL TIBBETTS.**

3. The defendant, **Cypress Point Shipping, Ltd,** is a duly organized company existing under the laws of Monrovia, Liberia, and at all times hereinafter referred to, was doing business in the Commonwealth of Massachusetts, and owned, operated and/or controlled the **TANKER MOUNTAIN LADY.**

## JURISDICTION

This is a case of maritime jurisdiction pursuant to 28 U.S.C. 1333(1) and diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000

## FACTUAL ALLEGATIONS

4. On or about November 14, 2002, the plaintiff was in the employ of Carmin Cargo Control as a cargo gauger and was being transported by the TUG ETHEL TIBBETS to a rendezvous with the TANKER MOUNTAIN LADY at anchor.

5. The purpose of this trip was to transport the plaintiff to the TANKER MOUNTAIN LADY where he was to be transferred to the TANKER MOUNTAIN LADY for purposes of gauging cargo.

6. The TANKER MOUNTAIN LADY was required to have said cargo gauged prior to entering port for purposes of discharging cargo.

7. On or about November 14, 2002, the plaintiff, while being transferred from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY, and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

## COUNT I
## AGAINST DEFENDANTS BOSTON TUGBOAT COMPANY, INC. AND TUG ETHEL TIBBETTS
(Negligence)

8. Paragraphs 1-7 are realleged and incorporated herein.

9. While in the process of transferring the plaintiff from the defendant's vessel TUG ETHEL TIBBETTS, and in breach of the vessels' duty to provide a reasonably safe method of transferring the plaintiff, the defendants Boston Tugboat Company, Inc. and TUG ETHEL

TIBBETTS, breached that duty and caused the plaintiff to sustain his injuries during the transfer process.

10. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant's captain, crew, and/or agents.

11. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

12. This cause of action is brought under the General Maritime Law based upon negligence.

### REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendants, Boston Tug Boat Company, Inc. and the TUG ETHEL TIBBETTS.

2. For such other relief as this court deems appropriate.

### COUNT II
### AGAINST DEFENDANTS CYPRESS POINT SHIPPING, LTD. AND TANKER MOUNTAIN LADY
(Negligence)

13. Paragraphs 1-12 are realleged and incorporated herein.

14. While in the process of the transfer of the plaintiff from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY, and in breach of the vessel's duty to provide a reasonably safe method of transferring the plaintiff, the defendants, Cypress Point Shipping, Ltd. and TANKER MOUNTAIN LADY breached that duty and caused the plaintiff to sustain his injuries during the transfer process.

15. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant's captain, crew, and/or agents.

16. As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

17. This cause of action is brought under the General Maritime Law based upon negligence and is for the same cause of action as Count I.

### REQUEST FOR RELIEF

1. Under Count II, that this court enter judgment in favor of the plaintiff against the defendants, Cypress Point Shipping, Ltd and TANKER MOUNTAIN LADY.

2. For such other relief as this court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
by his attorney,

*David B Kaplan*
DAVID B. KAPLAN #258540
The Kaplan/Bond Group
Boston Fish Pier
West Building - Suite 304
Boston, MA  02210
617-261-0080

Dated:     May 21, 2004

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)   JAMES SINATRA V.
   BOSTON TUGBOAT COMPANY, INC.

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   ___ I.    160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   ___ II.   195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
             740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.           for patent, trademark or copyright cases

   ✓   III.  110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
             315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
             380, 385, 450, 891.

   ___ IV.   220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
             690, 810, 861-865, 870, 871, 875, 900.

   ___ V.    150, 152, 153.

   RECEIVED
   Clerk's Office
   USDC, Mass.
   Date 5-24-04
   By cmb
      Deputy Clerk

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.
   NONE

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
                                                               YES         (NO)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
                                                               YES         (NO)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
                                                               YES         (NO)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
                                                               YES         (NO)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
                                                               YES         (NO)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION          CENTRAL DIVISION          WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      (EASTERN DIVISION)        CENTRAL DIVISION          WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME   DAVID B. KAPLAN, ESQUIRE
ADDRESS           KAPLAN BOND GROUP, BOSTON FISH PIER, WEST BLDG II, SUITE 304
TELEPHONE NO.     617-261-0080

(Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

JAMES SINATRA

RECEIVED
Clerk's Office
USDC, Mass.
Date 5-24-04
CMR
Deputy Clerk

**DEFENDANTS**

BOSTON TUGBOAT COMPANY, INC., TUG ETHEL TIBBETS, CYPRESS POINT SHIPPING, LTD. and TANKER MOUNTAIN LADY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

DAVID B. KAPLAN, ESQUIRE
KAPLAN BOND GROUP
Boston Fish Pier, Ste. 304, Boston MA 02210

ATTORNEYS (IF KNOWN)

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 640 R.R. & Truck |  | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☒ 340 Marine / **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract |  |  | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations / **HABEAS CORPUS:** |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land |  / ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights / ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 |  |
|  |  / ☐ 550 Civil Rights |  |  |  |
|  |  / ☐ 555 Prison Condition |  |  |  |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Jurisdiction under 28 U.S.C. 1333.1    maritime personal injury

**VII. REQUESTED IN COMPLAINT:**  CHECK IF THIS IS A **CLASS ACTION**  ☐ UNDER F.R.C.P. 23    **DEMAND $** _____    CHECK YES only if demanded in complaint: **JURY DEMAND:** ☐ YES  ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE: 5-21-04

SIGNATURE OF ATTORNEY OF RECORD: David B Kaplan

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____