UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * * * *
JAMES SINATRA                    *    C.A. NO.:  04-11077 NG
     Plaintiff                   *
                                 *
v.                               *    PLAINTIFF'S SECOND
                                 *    AMENDED COMPLAINT
BOSTON TOWING AND                *
TRANSPORTATION CO.,              *
Owner of TUG ETHEL TIBBETTS,     *
     Defendants.                 *
                                 *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

## THE PARTIES

1.      The plaintiff, **James Sinatra,** resides in Errol, New Hampshire and at all times hereinafter referred to, was employed as a cargo gauger of Camin Cargo Control, 230 Marion Avenue, Linden, NJ.

2.      The defendant, **Boston Towing and Transportation Co.**, Staten Island, New York, is a duly organized corporation existing under the laws of the State of New York, and at all times hereinafter referred to was doing business in the Commonwealth of Massachusetts, and owned, operated and/or controlled the **TUG ETHEL TIBBETTS**.

## JURISDICTION

This is a case of maritime jurisdiction pursuant to 28 U.S.C. 1333(1) and diversity of citizenship pursuant to 28 U.S.C. § 1332.  The amount in controversy is in excess of $75,000

## FACTUAL ALLEGATIONS

3.      On or about November 14, 2002, the plaintiff was in the employ of Carmin Cargo Control as a cargo gauger and was being transported by the TUG ETHEL TIBBETS to a

rendezvous with the TANKER MOUNTAIN LADY at anchor.

4.      The purpose of this trip was to transport the plaintiff to the TANKER MOUNTAIN LADY where he was to be transferred to the TANKER MOUNTAIN LADY for purposes of gauging cargo.

5.      The TANKER MOUNTAIN LADY was required to have said cargo gauged prior to entering port for purposes of discharging cargo.

6.      On or about November 14, 2002, the plaintiff, while being transferred from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY, and while the plaintiff was in the exercise of due care and in the performance of his duties, he sustained severe and painful personal injuries.

## COUNT I
## AGAINST DEFENDANTS BOSTON TOWING AND TRANSPORTATION CO. AND TUG ETHEL TIBBETTS
(Negligence)

7.      Paragraphs 1-6 are realleged and incorporated herein.

8.      While in the process of transferring the plaintiff from the defendant's vessel TUG ETHEL TIBBETTS, and in breach of the vessels' duty to provide a reasonably safe method of transferring the plaintiff, the defendants Boston Towing and Transportation Co. and TUG ETHEL TIBBETTS, breached that duty and caused the plaintiff to sustain his injuries during the transfer process.

9.      The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant's captain, crew, and/or agents.

10.     As a result of the said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and

has suffered and will continue to suffer other damages as will be shown at trial.

11. This cause of action is brought under the General Maritime Law based upon negligence.

## REQUEST FOR RELIEF

1. Under Count I, that this court enter judgment in favor of the plaintiff against the defendants, Boston Towing and Transportation Co. and the TUG ETHEL TIBBETTS.

2. For such other relief as this court deems appropriate.

PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted
by his attorney,


/s/ David B. Kaplan_____
DAVID B. KAPLAN #258540
THE KAPLAN/BOND GROUP
88 Black Falcon Avenue, Suite 301
Boston, MA  02210
617-261-0080

Dated:    February 2, 2005