```
                  UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS


JAMES SINATRA,                            CIVIL ACTION
     Plaintiff,                           NO: 04-11077-NG

vs.


BOSTON TOWING & TRANSPORTATION
CO., Owner of the TUG ETHEL
TIBBETTS,
     Defendant.
```

### DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Now comes the defendant, Boston Towing & Transportation Company, in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and answers Plaintiff's Second Amended Complaint as follows.

### THE PARTIES

1. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits that it is a foreign limited partnership and that it was conducting business within the Commonwealth of Massachusetts at the time of the alleged incident. The defendant further

2

admits that it owned and operated the TUG ETHEL TIBBETTS at that time.

## JURISDICTION

This paragraph contains legal allegations not requiring a response, but to the extent that a response is required, the defendant admits that the Court has jurisdiction over this alleged maritime incident pursuant to 28 U.S.C. §1333(1). The defendant denies that this Court has jurisdiction pursuant to 28 U.S.C. §1332.

## FACTCUAL ALLEGATIONS

3. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 and therefore denies same.

4. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 4 and therefore denies same.

5. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 5 and therefore denies same.

6. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations

contained in Paragraph No. 6 and therefore denies same.

## COUNT I
AGAINST DEFENDANTS BOSTON TOWING & TRANSPORTATION CO. and the TUG ETHEL TIBBETTS

7. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 6 inclusive and incorporates same as if fully set out herein.

8. The defendant denies the allegations contained in Paragraph No. 8.

9. The defendant denies the allegations contained in Paragraph No. 9.

10. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 10 and therefore denies same.

11. Paragraph No. 11 contains legal allegations not requiring a response, but to the extent that a response is required, the defendant admits the allegations contained therein.

**WHEREFORE**, the defendant, Boston Towing & Transportation Company, prays that this Honorable Court dismiss Plaintiff's Second Amended Complaint together with costs and reasonable attorney's fees.

**AFFIRMATIVE ANSWERS**

The defendant, Boston Towing & Transportation Company, incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that this Court does not have jurisdiction over this dispute pursuant to 28 U.S.C. §1332 as alleged.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's claim is barred by the applicable doctrine of laches.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. §1333.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from his own negligence and failure to exercise the degree of care and skill required under the circumstances, and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants, or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate his alleged damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and

concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**WHEREFORE**, the defendant, Boston Towing & Transportation Company, prays that this Honorable Court dismiss Plaintiff's Second Amended Complaint together with costs and reasonable attorney's fees.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

_"/s/ Kenneth M. Chiarello"
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165