UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 1:04-cv-11077 NG |
| ) | |
| BOSTON TOWING AND ) | |
| TRANSPORTATION CO., ) | |
| Owner of TUG ETHEL TIBBETTS, and ) | |
| CYPRESS POINT SHIPPING, LTD, ) | |
| Owner of TANKER MOUNTAIN LADY, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S MOTION TO AMEND ITS COMPLAINT**

The plaintiff, pursuant to Rule 15 of the Federal Rules of Civil Procedure, moves to amend its Complaint by adding CYPRESS POINT SHIPPING, LTD ("CYPRESS"), owner of the Tanker Vessel MOUNTAIN LADY as a defendant.  In satisfaction of Fed.R.Civ.P. 7(b), Plaintiff's Third Amended Complaint is attached as Exhibit A.

In support of this motion, plaintiff states that Rule 15 governs the circumstances in which parties will be permitted to amend their pleadings.  The provisions therein state that a party may amend his pleading by "leave of court" and that such "leave shall be freely given when justice so requires."  *See* Fed.R.Civ.P. 15(a); *see also* Baicker-McKee, et. al., *Federal* Civil Rules Handbook, Rule 15 at 411 (West 2005) *and associated* Authors' Commentary on Rule 15 at 417 and FN 14 *citing to* Foman v. Davis, 371 U.S. 178, 182 (1962) (leave "should be freely given in [the] absence of any apparent or declared reasons such as undue delay, bad faith or dilatory motive on part of movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to

opposing party by virtue of allowance of amendment, and futility of amendment.")  The plaintiff states that none of the "apparent or declared reasons" outlined by the U.S. Supreme Court *supra* are found here or apply to the instant motion.

Both defendants were named in the plaintiff's first Complaint.  *See* original Complaint attached as Exhibit B.  Shortly after service was made upon BOSTON TOWING AND TRANSPORTATION CO. ("BOSTON TOWING"), it seemed reasonable, upon information and belief, that liability may lie solely with that defendant and that the instant matter might be resolved without the need to perfect service upon the Liberian owner of the Tanker MOUNTAIN LADY.  Plaintiff amended his complaint accordingly.

Recent information runs contrary to plaintiff's former belief and plaintiff has now been made aware that CYPRESS, as owner of the Tanker MOUNTAIN LADY, is an equally culpable defendant and is therefore *indispensable* as a party to this litigation and *essential* to the interests of justice.

For these reasons and as a matter of judicial economy, the plaintiff respectfully requests this court allow this Motion to Amend its Complaint and add CYPRESS POINT SHIPPING, LTD, owner of the Tanker MOUNTAIN LADY as a defendant.

**PLAINTIFF'S LOCAL RULE 7.1(2) CERTIFICATION**

Plaintiff certifies that they have conferred with opposing counsel in a good-faith attempt to resolve or narrow the issue.

Respectfully submitted,

James Sinatra,
By his attorney,


/s/ David B. Kaplan
DAVID B. KAPLAN
**THE KAPLAN BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
BBO# 258540


Date: July 19, 2005