UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JAMES SINATRA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 1:04-cv-11077 NG |
| | ) | |
| BOSTON TOWING AND | ) | THIRD AMENDED COMPLAINT |
| TRANSPORTATION CO., | ) | |
| Owner of TUG ETHEL TIBBETTS, and | ) | |
| CYPRESS POINT SHIPPING, LTD, | ) | |
| Owner of TANKER MOUNTAIN LADY, | ) | |
| | ) | |
| Defendants. | ) | |

## THE PARTIES

1. The plaintiff, **James Sinatra,** resides in Errol, New Hampshire and at all relevant times, was employed as a cargo gauger by Camin Cargo Control, Linden, NJ.

2. The defendant, **Boston Towing and Transportation Co**., Staten Island, New York, is a duly organized corporation existing under the laws of the State of New York, and at all relevant times was doing business in the Commonwealth of Massachusetts and owned, operated and controlled the TUG ETHEL TIBBETTS.

3. The defendant, **Cypress Point Shipping, LTD**, is a duly organized company existing under the laws of Monrovia, Liberia, and at all relevant times, was doing business in the Commonwealth of Massachusetts and owned, operated and controlled the TANKER MOUNTAIN LADY.

## JURISDICTION AND VENUE

4. This is a case of maritime jurisdiction pursuant to 28 U.S.C. 1333(1) and diversity of citizenship pursuant to 28 U.S.C. § 1332. The amount in controversy is in excess of $75,000

5. Venue is proper pursuant to 28 U.S.C. § 1391(c).

## FACTUAL ALLEGATIONS

6. On November 14, 2002, the plaintiff was in the employ of Camin Cargo Control as a cargo gauger and was being transported by the TUG ETHEL TIBBETS to a rendezvous with the TANKER MOUNTAIN LADY at anchor.

7. The purpose of this trip was to transport the plaintiff to the TANKER MOUNTAIN LADY where he was to be transferred to the TANKER MOUNTAIN LADY for purposes of gauging her cargo.

8. The TANKER MOUNTAIN LADY was required to have said cargo gauged prior to entering port for purposes of discharging cargo.

9. On November 14, 2002, the plaintiff, while being transferred from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY and while in the exercise of due care and in the performance of his duties, sustained severe and painful personal injuries.

## COUNT I

### Sinatra v. Boston Towing and Transportation Co.
(Negligence)

10. Paragraphs 1-9 are realleged and incorporated herein.

11. The defendant had a duty to provide a reasonably safe method of transferring the plaintiff from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY.

12. While in the process of transferring the plaintiff from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY the defendant breached its duty to provide a reasonably safe method of transferring the plaintiff.

13. The defendant's breach of its duty to provide a reasonably safe method of transferring the plaintiff caused the plaintiff to sustain severe injuries during the transfer process.

14. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant's captain, crew, and/or agents.

15. As a result of said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

16. This cause of action is brought under the General Maritime Law based upon negligence.

## REQUEST FOR RELIEF

17. That this court, under Count I, enter judgment in favor of the plaintiff against the defendant, Boston Towing and Transportation Co., owner of the TUG ETHEL TIBBETTS.

18. For such other relief as this court deems appropriate.

## COUNT II

### Sinatra v. Cypress Point Shipping, LTD
(Negligence)

19. Paragraphs 1-18 are realleged and incorporated herein.

20. The defendant had a duty to provide a reasonably safe method of transferring the plaintiff from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY.

21. While in the process of transferring the plaintiff from the TUG ETHEL TIBBETTS to the TANKER MOUNTAIN LADY the defendant breached its duty to provide a reasonably safe method of transferring the plaintiff.

22. The defendant's breach of its duty to provide a reasonably safe method of transferring the plaintiff caused the plaintiff to sustain severe injuries during the transfer process.

23. The injuries sustained by the plaintiff were due to no fault of his, but were caused by the negligence of the defendant's captain, crew, and/or agents.

24. As a result of said injuries, plaintiff has suffered great pain of body and anguish of mind, lost a great deal of time from his usual work, incurred medical and hospital expenses, and has suffered and will continue to suffer other damages as will be shown at trial.

25. This cause of action is brought under the General Maritime Law based upon negligence.

## REQUEST FOR RELIEF

26. That this court, under Count II, enter judgment in favor of the plaintiff against the defendant, Cypress Point Shipping, LTD., owner of the TANKER MOUNTAIN LADY.

27. For such other relief as this court deems appropriate.

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL COUNTS**

Respectfully submitted,
James Sinatra,
By his attorney,


/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
BBO# 258540


Date: July 19, 2005