UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA,<br><br>                Plaintiff,<br><br>    v.<br><br>BOSTON TOWING & TRANSPORTATION CO. and<br>CYPRESS POINT SHIPPING, LTD.,<br><br>                Defendant. | CIVIL ACTION<br>NO. 04-cv-11077-NG |

### ANSWER OF DEFENDANT, CYPRESS POINT SHIPPING, LTD., TO THIRD AMENDED COMPLAINT

Defendant, Cypress Point Shipping, Ltd. ("Cypress"), hereby responds to the Third Amended Complaint of Plaintiff, James Sinatra ("Plaintiff" or "Sinatra"), as follows:

1.  Cypress lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

2.  Admitted.

3.  Cypress admits that at all times relevant to the allegations of the Third Amended Complaint, Cypress Point Shipping, Ltd. was a company organized under the laws of Liberia, and owned, operated and controlled the M/T MOUNTAIN LADY, and denies the remaining allegations of this paragraph.

4.  This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Cypress admits that Plaintiff has invoked maritime jurisdiction, and denies the remaining allegations of this paragraph.

5.  This paragraph states a legal conclusion to which no response is required. To the extent a response is required, Cypress admits that venue lies in the District of Massachusetts.

6. Cypress lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

7. Cypress lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

8. Cypress lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

9. Cypress lacks sufficient information to admit or deny the allegations of this paragraph, and therefore denies same.

## Count I

**(Sinatra v. Boston Towing & Transportation Co. – Negligence)**

10. Cypress repeats and realleges the foregoing paragraphs as if fully incorporated herein.

11. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

12. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

13. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

14. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

15. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

LITDOCS/616008.1

- 3 -

16. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

17. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

18. Cypress neither admits nor denies the allegations of this paragraph as the allegations do not pertain to Cypress.

## COUNT II

### (Sinatra v. Cypress Point Shipping Ltd. – Negligence)

19. Cypress repeats and realleges the foregoing paragraphs as if fully incorporated herein.

20. This paragraph states a legal conclusion to which no response is required.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. This paragraph states a legal conclusion to which no response is required.

26. This paragraph states a prayer for relief to which no response is required.

27. This paragraph states a prayer for relief to which no response is required.

## AFFIRMATIVE DEFENSES

### First Defense

Each and every Count of the Complaint fails to state a claim upon which relief may be granted.

- 4 -

**Second Defense**

Plaintiff's claims are barred by the doctrines of laches, waiver, and estoppel.

**Third Defense**

Any harm suffered by Plaintiff resulted from his own acts, omissions, or negligence.

**Fourth Defense**

Any harm suffered by Plaintiff resulted from the acts, omissions, or negligence of third parties for whom Cypress is not responsible.

**Fifth Defense**

Plaintiff is barred from recovery because he has failed to mitigate his damages.

**Sixth Defense**

Plaintiff is not entitled to a trial by jury.

    Respectfully submitted,

    **CYPRESS POINT SHIPPING, LTD.,**

    By its attorneys,

    /s/ Brandon L. Bigelow
    Robert E. McDonnell, BBO #331470
    Brandon L. Bigelow, BBO #651143
    **BINGHAM MCCUTCHEN LLP**
    150 Federal Street
    Boston, MA  02110-1726
    (617) 951-8000

Dated: September 22, 2005

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served on counsel for each other party by first class mail and electronically via the ECF/CM on September 22, 2005

      /s/ Brandon L. Bigelow
      Brandon L. Bigelow

LITDOCS/616008.1