UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **JAMES SINATRA,** | CIVIL ACTION |
|     **Plaintiff,** | NO: 04-11077-NG |
| vs. | |
| **BOSTON TOWING & TRANSPORTATION CO., Owner of the TUG ETHEL TIBBETTS, and CYPRESS POINT SHIPPING, LTD., Owner of TANKER MOUNTAIN LADY,** | |
|     **Defendants.** | |

**BOSTON TOWING & TRANSPORTATION CO.'S ANSWER TO PLAINTIFF'S THIRD AMENDED COMPLAINT & CROSS-CLAIMS AGAINST CYPRESS POINT SHIPPING, LTD.**

Now comes the defendant, Boston Towing & Transportation Co., in the above-entitled action, by and through its undersigned counsel, Clinton & Muzyka, P.C., and responds to the allegations contained Plaintiff's Third Amended Complaint and asserts its Cross-Claims against Cypress Point Shipping, Ltd.

**THE PARTIES**

1. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 1 and therefore denies same.

2. The defendant admits that it is a foreign limited partnership and that it was conducting business within the Commonwealth of Massachusetts at the time

      of the alleged incident. The defendant further admits that it owned and operated the TUG ETHEL TIBBETTS at that time.

3. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 3 and therefore denies same.

## JURISDICTION & VENUE

4. Paragraph No. 4 contains legal allegations and conclusions not requiring a response, but to the extent that a response is required, the defendant admits that the Court has jurisdiction over this alleged maritime incident pursuant to 28 U.S.C. §1333(1). The defendant denies that this Court has jurisdiction pursuant to 28 U.S.C. §1332.

5. Paragraph No. 5 contains a legal allegation and conclusion not requiring a response, but to the extent that a response is required, the defendant denies the allegation contained therein.

## FACTUAL ALLEGATIONS

6. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 6 and therefore denies same.

7.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 7 and therefore denies same.

8.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 8 and therefore denies same.

9.  The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 9 and therefore denies same.

**COUNT I**
Sinatra vs. Boston Towing & Transportation Co.
(Negligence)

10. The defendant reaffirms and reiterates its answers to the allegations set forth in Paragraphs Nos. 1 through 9 inclusive and incorporates same as if fully set out herein.

11. Paragraph No. 11 contains a legal allegation and conclusion not requiring a response, but to the extent that a response is required, the defendant denies the allegation contained therein.

12. The defendant denies the allegation contained in Paragraph No. 12.

4

13. The defendant denies the allegation contained in Paragraph No. 13.

14. The defendant denies the allegation contained in Paragraph No. 14.

15. The defendant lacks personal knowledge sufficient to form a belief as to the truth of the allegations contained in Paragraph No. 15 and therefore denies same.

16. Paragraph No. 16 contains a legal allegation and conclusion not requiring a response, but to the extent that a response is required, the defendant admits the allegation contained therein.

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court dismiss Count I together with costs and reasonable attorney's fees.

**COUNT II**
Sinatra vs. Cypress Point Shipping, Ltd.
(Negligence)

19. The allegations contained in Paragraph No. 19 are not directed at this defendant and, therefore, no response is required on its behalf.

20. The allegations contained in Paragraph No. 20 are not directed at this defendant and, therefore, no response is required on its behalf.

21. The allegations contained in Paragraph No. 21 are not directed at this defendant and, therefore, no response is required on its behalf.

22. The allegations contained in Paragraph No. 22 are not directed at this defendant and, therefore, no response is required on its behalf.

23. The allegations contained in Paragraph No. 23 are not directed at this defendant and, therefore, no response is required on its behalf.

24. The allegations contained in Paragraph No. 24 are not directed at this defendant and, therefore, no response is required on its behalf.

25. The allegations contained in Paragraph No. 25 are not directed at this defendant and, therefore, no response is required on its behalf.

## AFFIRMATIVE ANSWERS

The defendant, Boston Towing & Transportation Company, incorporates the following Affirmative Defenses into each and every Count in its Answer as follows:

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff has failed to join an indispensable party.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that this Court does not

have jurisdiction over this dispute pursuant to 28 U.S.C. §1332 as alleged.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff's claim is barred by the applicable doctrine of laches.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE,** the defendant states that the plaintiff is not entitled to a jury trial pursuant to 28 U.S.C. §1333.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said injuries resulted in whole or in part from his own negligence and failure to exercise the degree of care and skill required under the circumstances, and not due to any negligence or fault on the part of the defendant.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said damages resulted in whole or in part from an Act of God or a condition not created by the defendant, its employees, servants, or agents.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, said

damages resulted in whole or in part from the acts and/or omissions of a person or persons over whom the defendant had no control and for whom the defendant was and is not responsible.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that the plaintiff has failed to mitigate his alleged damages.

**AND FURTHER ANSWERING, AND AS A COMPLETE AND SEPARATE DEFENSE**, the defendant states that if the plaintiff was injured as alleged, which is specifically denied, such injury was without fault, knowledge or privity of the defendant; and that the damaged claimed herein exceeds the value of the vessel, including its pending cargo; and the defendant herewith claims benefit of any and all laws and statutes of the United States of America, or and concerning limitation of liability of the defendant, 46 U.S.C.S. Appx. §183(b).

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court dismiss Plaintiff's Third Amended Complaint together with costs and reasonable attorney's fees.

## **CROSS-CLAIMS**

Now comes the defendant, Boston Towing & Transportation Co., and asserts its Cross-Claims for contribution and indemnity against Cypress Point Shipping, Ltd. as follows:

### FACTS COMMON TO ALL COUNTS

1. On or about November 14, 2002, the plaintiff allegedly sustained personal injuries while boarding or onboard the M/V MOUNTAIN LADY.

2. The plaintiff has filed a Complaint alleging that the defendant is liable for the personal injuries he sustained on November 14, 2002.

3. The defendant in its Answer has denied that it is liable to the plaintiff and at all times was in the exercise of due care.

4. The personal injuries allegedly sustained by the plaintiff were caused in whole or in part by the negligence of Cypress Point Shipping, Ltd., its employees, agents and servants.

### **COUNT I**
(Contribution)

5. The defendant re-alleges and repeats the allegations contained in Paragraph Nos. 1 through 4 inclusive, as if fully plead and set forth herein.

9

6. If the plaintiff was in fact injured, which is specifically denied, such injury was the result of the negligence of Cypress Point Shipping, Ltd., its employees, agents or servants, and not the fault of the defendant.

7. If the defendant is found liable for any portion of the damages allegedly sustained by the plaintiff, then it is entitled to recover contribution from Cypress Point Shipping, Ltd. pursuant to the applicable laws and statutes.

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court enter Judgment against Cypress Point Shipping, Ltd. for contribution, together with reasonable attorney's fees and costs.

### COUNT II
(Indemnity)

8. The defendant re-alleges and repeats the allegations contained in Paragraph Nos. 1 through 7 inclusive, as if fully plead and set forth herein.

9. If the plaintiff was in fact injured, which is specifically denied, such injury was the result of the negligence of Cypress Point Shipping, Ltd., its

employees, agents or servants, and not the fault of the defendant.

10. If the defendant is found liable for any portion of the damages allegedly sustained by the plaintiff, then it is entitled to be indemnified in full by Cypress Point Shipping, Ltd. for any payment made to the plaintiff including attorney's fees and costs.

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court enter Judgment against Cypress Point Shipping, Ltd. for indemnity, together with reasonable attorney's fees and costs.

By its attorneys,

**CLINTON & MUZYKA, P.C.**

_"/s/ Kenneth M. Chiarello"
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165

Dated: November 1, 2005