UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA,<br><br>Plaintiff,<br><br>v.<br><br>BOSTON TOWING & TRANSPORTATION CO. and CYPRESS POINT SHIPPING, LTD.,<br><br>Defendant. | CIVIL ACTION<br>NO. 04-cv-11077-NG |

**ANSWER OF DEFENDANT, CYPRESS POINT SHIPPING, LTD.,
TO CROSS-CLAIM BY BOSTON TOWING & TRANSPORTATION CO.
AND CROSS-CLAIM AGAINST BOSTON TOWING & TRANSPORTATION CO.**

Defendant, Cypress Point Shipping, Ltd. ("Cypress"), hereby responds to the cross-claim (the "Cross-Claim") asserted by Boston Towing & Transportation Co. ("Boston Towing"), and asserts its cross-claim against Boston Towing as follows:

1. Cypress admits that James Sinatra ("Sinatra") alleges that he sustained personal injuries on or about November 14, 2002 while attempting to climb a ladder from the deck of the TUG ETHEL TIBBETTS. The ladder was provided to Sinatra and controlled by the tug's personnel. The remaining allegations of this paragraph are denied.

2. Cypress admits that Sinatra has filed a Complaint in the above-captioned matter, and states that the Complaint speaks for itself. To the extent the allegations of this paragraph are inconsistent with the Complaint, Cypress denies same.

3. Cypress admits that Boston Towing denied in its Answer to the Complaint that it is liable to Sinatra and claims that at all time it exercised due care.

4. Denied.

- 2 -

## COUNT I
### (Contribution)

5.　　Cypress repeats and realleges paragraphs 1 through 4 as if fully incorporated herein.

6.　　Denied.

7.　　Denied.

## COUNT II
### (Indemnity)

8.　　Cypress repeats and realleges paragraphs 1 through 7 as if fully incorporated herein.

9.　　Denied.

10.　　Denied.

## AFFIRMATIVE DEFENSES

### First Defense

Each and every Count of the Cross-Claim fails to state a claim upon which relief may be granted.

### Second Defense

Boston Towing's cross-claims are barred by the doctrines of laches, waiver, and estoppel.

### Third Defense

Any harm suffered by Boston Towing resulted from its own acts, omissions, or negligence.

### Fourth Defense

Any harm suffered by Boston Towing resulted from the acts, omissions, or negligence of third parties for whom Cypress is not responsible.

LITDOCS/620703.1

- 3 -

## CROSS CLAIM AGAINST BOSTON TOWING

1. On or about November 14, 2002, James Sinatra ("Sinatra") allegedly sustained personal injuries while attempting to board the M/T MOUNTAIN LADY from the TUG ETHEL TIBBETTS.

2. Sinatra filed a Third Amended Complaint (the "Complaint") on or about August 30, 2005, adding Cypress Point Shipping, Ltd. ("Cypress") as a new defendant to the above-captioned matter.

3. The Complaint alleges, among other things, that Cypress is liable for personal injuries sustained by Sinatra.

4. The personal injuries allegedly sustained by Sinatra, if any, were caused in whole or in part by the negligence of Boston Towing & Transportation Co. ("Boston Towing")

## COUNT ONE
### (Contribution)

5. Cypress repeats and realleges paragraphs 1 through 4 as if fully incorporated herein.

6. If Sinatra was in fact injured, which is specifically denied, such injury was the result of the negligence of Boston Towing & Transportation Co., its employees, agents, or servants, and not the fault of Cypress Point Shipping, Ltd.

7. If Cypress Point Shipping, Ltd. is found liable for any portion of the damages allegedly sustained by Sinatra, then it is entitled to recover contribution from Boston Towing & Transportation Co.

## COUNT TWO
### (Indemnity)

8. Cypress repeats and realleges paragraphs 1 through 7 as if fully incorporated herein.

- 3 -

- 4 -

9. If Sinatra was in fact injured, which is specifically denied, such injury was the result of the negligence of Boston Towing & Transportation Co., its employees, agents, or servants, and not the fault of Cypress Point Shipping, Ltd.

10. If Cypress Point Shipping, Ltd. is found liable for any portion of the damages allegedly sustained by Sinatra, then it is entitled to be indemnified in full by Boston Towing & Transportation Co. for any payment made to Sinatra, including attorney's fees and costs.

WHEREFORE, Cypress Point Shipping, Ltd. respectfully prays that this Court enter judgment against Boston Towing & Transportation Co. for contribution or indemnity, together with reasonable attorney's fees and costs.

Respectfully submitted,
**CYPRESS POINT SHIPPING, LTD.,**
By its attorneys,

/s/ Brandon L. Bigelow
Robert E. McDonnell, BBO #331470
Brandon L. Bigelow, BBO #651143
**BINGHAM MCCUTCHEN LLP**
150 Federal Street
Boston, MA  02110-1726
(617) 951-8000

Dated: November 21, 2005

- 5 -

**CERTIFICATE OF SERVICE**

      I hereby certify that a true copy of the above document was served on counsel for each other party by first class mail and electronically via the ECF/CM system on November 21, 2005.

      /s/ Brandon L. Bigelow
      Brandon L. Bigelow