UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JAMES SINATRA,                               \*
                                             \*
    Plaintiff.                               \*
                                             \*
v.                                           \*     Civil Action No. 04-11077-NG
                                             \*
BOSTON TOWING AND                            \*
TRANSPORTATION CO.,                          \*
Owner of TUG ETHEL TIBBETTS, and             \*
CYPRESS POINT SHIPPING, LTD.,                \*
Owner of the TANKER MOUNTAIN LADY,           \*
                                             \*
    Defendants.                              \*
                                             \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PROPOSED JOINT SCHEDULING ORDER**

The parties in the above-captioned action, by their attorneys, submit the following proposed joint scheduling order pursuant to the provisions of Fed.R.Civ.P. 16(b) and Local Rule 16.1. The scheduling conference in this matter is currently set for 2 p.m. on Thursday December 1, 2005.

I.    Nature of the Case

Plaintiff's Position:

On or about November 14, 2002 the plaintiff, James Sinatra ("Sinatra") was employed by Camin Cargo as a cargo gauger tasked with assessing the purity of the TANKER MOUNTAIN LADY's ("Tanker") cargo. Sinatra was transported to the tanker aboard the TUG ETHEL TIBBETTS ("Tug"). This action arises out of serious injuries suffered by Sinatra while

attempting to transfer from the Tug to the Tanker via a portable rigid ladder provided by the Tug for this purpose. Sinatra's injuries are a direct result of, *inter alia*, the defendants' failure to provide a safe means of ingress and egress to and from their respective vessels. Sinatra brings his claims under the General Maritime Law.

Defendants' Position:

Defendants deny plaintiff was involved in an accident aboard their vessels, and further deny that plaintiff suffered any injury. Defendants allege that plaintiff has overstated his alleged injuries, if any, for purposes of financial gain, and that he appears to have claimed the same injury against others in separate claims he has pursued. Accordingly, defendants deny both liability and damages.

II.  Obligation of Counsel to Confer

Counsel for the parties have conferred in accordance with the provision of Fed.R.Civ.P. 26(f) and Local Rule 16.1(B).

    a.  Agenda to be discussed at the Scheduling Conference

- Proposed pre-trial schedule
- Status of settlement negotiations

    b.  Consent to Magistrate

The parties do not, at present, consent to the appointment of a Magistrate Judge as to any matters.

  c. <u>Consent to Alternative Dispute Resolution</u>

  The defendant, Boston Towing And Transportation Co. ("BTTC"), consents only to participate in mediation.  The remaining parties agree to participate in the mechanisms for Alternative Dispute Resolution set forth in Local Rule 16.4, provided that they can agree on a mutually acceptable means.

III. <u>Settlement Proposals</u>

 Plaintiff presented a written settlement proposal to the defendants in compliance with Local Rule 16.1 on November 23, 2005.  Defense counsel will confer with an authorized representative of their respective clients on the subject of settlement and will respond to the proposal as soon as practicable.

IV. <u>Proposed Joint Discovery Plan</u>

 The above entitled action was originally filed on May 24, 2004 and a third amended complaint was filed on August 30, 2005.  BTTC answered the third amended complaint on November 1, 2005.  Cypress Point Shipping, Ltd. ("Cypress") answered the complaint on September 22, 2005.

 After conferring pursuant to Local Rule 16.1, counsel have agreed on certain dates ("*Agreed*") and have not agreed on others labeled as "*Sinatra*", "*BTTC*", "*Cypress*" or "*Defendants*" respectively.

 Pursuant to Fed.R.Civ.P. 16(b) and Local Rule 16.1(F):

(1) JOINDER OF ADDITIONAL PARTIES AND AMENDMENT OF PLEADINGS

 <u>*Agreed*</u>: joinder of parties and amendment of pleadings by February 15, 2006.

(2) WRITTEN DISCOVERY REQUESTS

*Agreed* service of written discovery requests by January 16, 2006 and responses served by no later than February 15, 2006.

(3) DEPOSITIONS

*Agreed* all fact-witness depositions concluded by April 14, 2006 and all expert depositions completed by June 30, 2006.

(4) EXPERTS

*Agreed* **disclosure of Sinatra's trial experts**, including the information required by Fed.R.Civ.P. 26(a)(2) & (b)(4) and Local Rule 26.4, by April 28, 2006.

**Disclosure of Defendants' trial experts**, including the information required by Fed.R.Civ.P. 26(a)(2) & (b)(4) and Local Rule 26.4, by May 26, 2006.

**Disclosure of rebuttal experts** within 45 days of the disclosure of the expert to be rebutted.

(5) DISCOVERY DEADLINE

*Agreed* June 30, 2006.

(6) DISPOSITIVE MOTIONS

*Agreed* All dispositive motions must be filed by July 28, 2006.

(7) FINAL PRETRIAL CONFERENCE

*Sinatra* requests that a final pre-trial conference be held on July 31, 2006 or at the court's earliest convenience thereafter with all lead counsel present and authorized to settle or proceed to trial. Sinatra will be prepared to commence trial as of the date of the final pre-trial conference.

      *Defendants* request that a status conference be set after July 28, 2006 or at the court's earliest convenience thereafter.

(8)    TRIAL

      *Sinatra* will be prepared to commence trial as of the date of the final pre-trial conference. *Defendants* request that the trial be scheduled for September 2006.

V.    <u>Certifications</u>

      Pursuant to LR 16.1(D)(3), counsel have conferred with their respective clients with a view to establishing a budget for the costs of conducting the full course – and various alternative courses – of the litigation and to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in LR 16.4. All parties have filed their certifications separately with the court.

Respectfully submitted,

James Sinatra,
By his attorney,

/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
BBO# 258540

_____

| For the Defendant | For Defendant, |
|---|---|
| Boston Towing and Transportation Co., | Cypress Point Shipping, Ltd., |
| By its attorneys, | By its attorneys, |

/s/ Thomas J. Muzyka__ _____           /s/ Brandon L. Bigelow _____
Thomas J. Muzyka, BBO No. 365540        Robert E. McDonnell, BBO No. 331470
Kenneth N. Chiarello, BBO No. 639274    Brandon L. Bigelow, BBO No. 651143
CLINTON & MUZYKA, P.C.                  BINGHAM MCCUTCHIN, LLP
One Washington Mall, Suite 1400         150 Federal Street
Boston, MA 02108                        Boston, MA 02110
(617) 723-9165                          (617) 951-8000

/s/ Gino A. Zonghetti _____
Gino A. Zonghetti
KENNY STEARNS & ZONGHETTI
26 Broadway
New York, NY, 10004
(212) 422-6111


DATE: November 23, 2005