UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA,<br>    Plaintiff, | CIVIL ACTION<br>NO: 04-11077-NG |
| vs. | |
| BOSTON TOWING & TRANSPORTATION<br>CO., Owner of the TUG ETHEL<br>TIBBETTS, and CYPRESS POINT SHIPPING,<br>LTD., Owner of TANKER MOUNTAIN LADY,<br>    Defendants. | |

## DEFENDANT, BOSTON TOWING & TRANSPORTATION CO.'S, MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO COMPEL THE PLAINTIFF TO ATTEND A DEPOSITION ON JANUARY 26, 2006

Now comes the defendant, Boston Towing & Transportation Co., in the above-entitled action, by and through its undersigned attorneys, Clinton & Muzyka, P.C., and respectfully moves this Honorable Court to dismiss this action based upon plaintiff's counsel's ongoing refusal to produce his client for a deposition or, in the alternative, to compel the plaintiff to attend a deposition on January 26, 2006.  The defendant moves for attorney's fees and costs associated with the preparation and presentation of this Motion.

As grounds in support, the defendant submits the following for the Court's consideration.

**BACKGROUND**

The plaintiff instituted this action on December 17, 2004. Because the Complaint filed by the plaintiff at that time did not identify the correct defendant, the plaintiff filed a First Amended Complaint on January 5, 2005. On February 2, 2005, the plaintiff filed a Second Amended Complaint because his First Amended Complaint also did not identify the correct defendant. Plaintiff's Second Amended Complaint properly identified Boston Towing & Transportation Co. as a defendant.

On June 28, 2005, the defendant noticed the plaintiff's deposition for August 3, 2005.

On July 19, 2005, the plaintiff filed a Motion requesting permission to file a Third Amended Complaint for the purpose of naming Cypress Point Shipping as an additional defendant. Because of this pending Motion, the parties canceled the plaintiff's deposition scheduled for August 3, 2005.

On August 9, 2005, the plaintiff served his Interrogatories and Requests for Production of Documents on the defendant.

Approximately two (2) months later on October 13, 2005, the plaintiff served its Local Rule 35.1 disclosure, which should have been served fourteen (14) days after the

defendant filed its Answer to plaintiff's Second Amended Complaint on April 22, 2005.

On November 1, 2005, the defendant sent a letter to plaintiff's counsel requesting potential dates for his client's deposition.  Plaintiff's counsel responded on November 7, 2005, by stating "[u]nfortunately, I am unable to provide you with such dates at this time pending your response to our discovery requests that were sent you on August 8, 2005."  *See, defendant's correspondence dated November 1, 2005 and plaintiff's counsel's response dated November 7, 2005 attached hereto as Exhibits "A" & "B" respectively.*

Upon receipt of his November 7, 2005 correspondence, the undersigned contacted Attorney Kaplan and advised that the defendant was not obligated to respond to plaintiff's Interrogatories and Requests for Production of Documents until the plaintiff submitted his Automatic Disclosure, as required by Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule 26.2.  In response, Attorney Kaplan maintained that the plaintiff had already submitted his Automatic Disclosure.

On December 1, 2005, the parties attended an Initial Scheduling Conference.  Prior to the conference, Attorney Kaplan inquired about the status of the defendant's

responses to plaintiff's Interrogatories and Requests for Production of Documents. The defendant again advised Attorney Kaplan of the requirements set forth in Rule 26(a)(1) and Local Rule 26.2. Attorney Kaplan, once again, maintained that the plaintiff had already submitted his Automatic Disclosure.

On December 27, 2005, the defendant contacted Attorney Kaplan and requested potential dates in January of 2006 for his client's deposition. Attorney Kaplan again maintained that the plaintiff had previously submitted its Automatic Disclosure, and further maintained that he would not produce his client for a deposition until the defendant responded to plaintiff's discovery. After confirming for the third time that the plaintiff had not submitted its Automatic Disclosure, the defendant sent a facsimile to Attorney Kaplan again demanding deposition dates.[1]

Several hours later, the plaintiff for the FIRST TIME served his Automatic Disclosure on the defendant.[2] The defendant contacted Attorney Kaplan upon receipt and renewed its request for deposition dates, but Attorney Kaplan refused to provide such dates until the defendant

---

[1] See, defendant's correspondence dated December 27, 2005 attached hereto as Exhibit "C."
[2] See, plaintiff's correspondence and Automatic Disclosure, both of which are dated December 27, 2005, attached hereto as Exhibit "D."

responds to his discovery.  In response, the defendant advised Attorney Kaplan that it would be filing this Motion and will request attorney's fees and costs.  Attorney Kaplan acknowledged that the conversation complied with the defendant's Local Rule 37.1 obligation, and welcomed the filing of this Motion.

**ARGUMENT**

The plaintiff's position that he does not have to produce his client for a deposition until the defendant responds to his discovery is baseless.  The time period for the defendant responding to his discovery did not commence until plaintiff's Automatic Disclosure was served, which was December 27, 2005.  *See, Local Rule 26.2 ([u]nless otherwise ordered by such a judicial officer, before a party may initiate discovery, that party must provide to other parties disclosure of the information and materials called for by Fed.R.Civ.P. 26(a)(1)").*  As such, the defendant is not obligated to respond to the plaintiff's discovery until January 27, 2006.

The defendant respectfully submits that Attorney Kaplan's inappropriate tactics should not be tolerated.  As he has repeatedly acknowledged, Attorney Kaplan wants the benefit of the defendant's discovery responses before his client's deposition.  If the plaintiff wanted the

defendant's discovery responses beforehand, then he should have complied with the Federal Rules of Civil Procedure and Local Rules for this Honorable Court.  The defendant is entitled to obtain the plaintiff's unrefreshed version of the incident without having him tailor his testimony based upon the information contained in the defendant's discovery responses.

The defendant submits that there is no basis for Attorney Kaplan's position and that this matter should be dismissed based upon the plaintiff's failure to prosecute or, in the alternative, that the plaintiff be compelled to attend a deposition at 11:00 a.m. on January 26, 2006 at the defendant's office.  The defendant submits that an award of attorney's fees and costs is warranted under these facts, as there is no basis for Attorney Kaplan's ongoing refusal to produce his client for a deposition.

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court dismiss this action or, in the alternative, compel the plaintiff to attend a deposition at 11:00 a.m. on January 26, 2006.  The defendant also requests reasonable attorney's fees and costs associated with the preparation of this Motion.

7

By its attorneys,

**CLINTON & MUZYKA, P.C.**


_"/s/ Kenneth M. Chiarello"
Thomas J. Muzyka
BBO NO: 365540
Kenneth M. Chiarello
BBO NO: 639274
One Washington Mall
Suite 1400
Boston, MA 02108
(617) 723-9165




**LOCAL RULES 7.1(A)(2) & 35.1(B) CERTIFICATE**

Boston, MA                                           December 28, 2005

    I, Kenneth M. Chiarello, hereby certify that I conferred with plaintiff's counsel regarding this Motion and attempted to resolve this issue.


_"/s/Kenneth M. Chiarello"
Kenneth M. Chiarello




Dated: December 28, 2005