UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**JAMES SINATRA**                         **CIVIL ACTION**
    **Plaintiff,**                           **NO: 04-11077-NG**

**vs.**

**BOSTON TOWING &TRANSPORTATION**
**CO., Owner of the TUG ETHEL TIBBETS,**
**And CYPRESS POINT SHIPPING,**
**LTD., Owner of TANKER MOUNTAIN**
**LADY,**
    **Defendants.**

**<u>DEFENDANT, BOSTON TOWING & TRANSPORTATION CO.'S, MOTION TO DISMISS OR IN THE ALTERNATIVE TO COMPEL PLAINTIFF TO APPEAR FOR AN INDEPENDENT MEDICAL EXAMATION ON MAY 8, 2006 AND FOR SACTIONS PURSUANT TO 28 U.S.C. § 1927 AND THE COURT'S INHERENT POWER</u>**

Now comes the defendant, Boston Towing & Transportation Co., in the above-entitled action, by and through its undersigned attorneys, Kenny, Stearns & Zonghetti, LLC., and respectfully moves this Honorable Court to dismiss this seaman's personal injury action based upon plaintiff's counsel's unreasonable refusal to produce his client for an independent medical examination ("IME"), unless the defendant tenders an attendance fee. Because plaintiff's counsel's intractable demand is so unreasonable and without basis in law, and part of a pattern of behavior by counsel in this case, the defendant seeks an award of sanctions.

As grounds in support of this motion, the defendant submits the following for the Court's consideration.

**BACKGROUND:**

Plaintiff claims that he suffered a lower back injury on November 14, 2002 while in the process of being transferred from the defendant's vessel, TUG ETHEL TIBBETS, and onto the co-defendant's vessel, M/V MOUNTAIN LADY.  The alleged injury occurred during the plaintiff's first day at work for Camin Cargo Control, Inc., a non-party entity involved in gauging the amount of petroleum product inside the tanks of tankers.  Plaintiff claims that after ascending a ladder from the defendant's vessel he somehow fell over the railing of the M/V MOUNTAIN LADY and injured his lower back.

The issues of both liability and damages are hotly contested in this action as the plaintiff repeatedly testified at his deposition that he could not recall any specifics of the alleged injury-sustaining incident.  Additionally, the plaintiff attended a work-related physical examination the day after the alleged incident, at which time he professed to not having any problems or complaints with his lower back.  When the plaintiff saw a physician four (4) days later (November 18, 2002) for the injuries he allegedly sustained as a result of the

incident, he was diagnosed with nothing more than a lower back "contusion."

Nevertheless, the plaintiff remained out of work after the supposed incident for an extended period of time, receiving worker's compensation benefits from his employer until approximately May of 2004. After working for a few months in different jobs, which is consistent with his work history before the accident, plaintiff made yet another workers' compensation claim against a different employer for the same "contusion" he supposedly suffered as a result of the alleged incident. In short, despite, by his own admission at the time, having suffered no apparent injury on November 14, 2002, plaintiff has managed through various means to prolong what was diagnosed as a contusion into years of disability, for which he seeks compensation in this law suit.

On March 14, 2006, defense counsel provided notice to plaintiff's counsel that an IME had been scheduled for May 8, 2006 at 10:00 a.m. before Charles DiCecca, M.D., an orthopedist located in Quincy, Massachusetts *(Exhibit "A")*. In response, plaintiff's counsel sent a letter later that day, which was drafted by a Law Clerk in his office, informing the defendant:

> "We agree to have our client made available for the requested Independent Medical Examination so long as it is held within fifty miles of his domicile which is currently 15 Eagle Lake Drive in Bar Harbor, Maine." *(Exhibit "B")*.

Plaintiff's counsel, alternatively, demanded that plaintiff be paid expenses to travel to his IME, stating "[a] check in the amount of $200 mailed to us by Monday April 24 2006 but made payable to James Sinatra would cover such expenses" (*Ibid.*).

Since plaintiff is responsible for his own costs in this litigation and given the fact that he chose to commence suit in this Court, defendant wrote counsel for the plaintiff on March 15, 2006 advising that he had no intention of paying him to attend the scheduled IME *(Exhibit "C")*. Defense counsel also requested that plaintiff's counsel provide an affirmative response that his client would attend the scheduled IME without being paid to do so. (*Ibid*)

In response, plaintiff's counsel on March 16, 2006 wrote a letter in which he claimed that his client had already undergone "two IME's related to the November 14, 2002 injury" and repeated his demand that the IME be conducted close to plaintiff's new home in Maine, or that plaintiff be paid to attend, in addition to several new demands *(Exhibit "D")*. The two (2) alleged IME's

previously attended by plaintiff were conducted in connection with the two (2) worker's compensation claims he submitted, and were not conducted in conjunction with this action; those examinations were not scheduled by either defendants to this litigation.

Defense counsel accordingly wrote back to plaintiff's counsel informing him that defendant would not pay his client to attend the IME and that his position, to wit, that his client would not appear for his IME scheduled within the jurisdiction of this Court, unless paid to do so, was frivolous and without basis.  In an effort to resolve this matter without Court intervention, defense counsel agreed to change the time of the IME, if possible, to accommodate plaintiff's travel schedule *(Exhibit "E")*.  Plaintiff's counsel responsed to this good faith offer by stating "we look forward to arguing the merits of this dispute with you in the United States District Court" (Exhibit "F").

Plaintiff's counsel previously refused to produce his client for deposition in this action without any justifiable excuse.  This resulted in the defendant being required to move to compel plaintiff to appear at his deposition.  The Court granted the defendant's request and

issued an order on January 13, 2006 compelling the plaintiff to appear for his deposition as *(Exhibit "G")*.

**ARGUMENT:**

It is well established that parties are required to bear their own costs and expenses of litigation. *Matter of Boston and Maine Corp.,* 51 B.R. 995 (D.Mass. 1985). There is no statute or other legal basis exempting plaintiff from this doctrine. The defendant bears no responsibility whatsoever for paying plaintiff's expenses associated with his attendance at an IME. While the defendant remains willing to work with plaintiff regarding the scheduling of the IME, there is no basis for imposing plaintiff's travel expenses upon the defendant. The plaintiff is simply attempting to shift his responsibility onto the defendant.

The plaintiff has elected to sue the defendant, for what appears to be an extremely suspect claim, in the United States District Court for the District of Massachusetts. Accordingly, the defendant engaged an orthopedist within the jurisdictional confines of this Court. The defendant should not be required, as suggested by plaintiff's counsel, to engage an out-of-state physician to conduct an IME, which would result in the defendant incurring additional and unnecessary costs

associated with the physician's appearance at the time of trial.

Plaintiff's claim that he has attended two (2) IME's is misleading. The plaintiff, as a result of the alleged accident underlying this action, has brought two (2) separate worker's compensation claims, neither of which are against either defendant to this law suit. The defendants were not parties to those IME's, and possess the independent right to have plaintiff medically examined in this litigation by a physician of their choosing. The plaintiff cannot delimit the defendant's right to have him examined by a physician of its choosing by pointing to other examinations in separate proceedings in which it was not involved.

Plaintiff's counsel points to these IME's in an effort to deflect attention from his baseless refusal to have his client appear for the IME without being paid. Also not relevant to this issue is plaintiff's present address in Maine. Again, plaintiff chose to commence suit in this Honorable Court. While his present address may raise some logistical difficulties in attending an IME within the jurisdictional confines of this Court, it certainly imposes no obligation on the defendant to pay his litigation-related travel expenses.

It is respectfully submitted that plaintiff's claim be dismissed as a result of his refusal to appear for an IME without being paid. Alternatively, it is requested that an order be entered compelling plaintiff to appear for his IME without any conditions.

**SANCTIONS**

Plaintiff's counsel's refusal to produce his client for an IME without payment represents the second time in this litigation he has simply refused to comply with basic discovery demands necessitating the filing of a motion to compel, and demonstrating a cavalier attitude toward the obligations of his client with respect to the compliance of discovery demands. It is respectfully submitted that an appropriate sanction be imposed upon plaintiff's counsel pursuant to 28 U.S.C. § 1927 and/or the inherent power of the Court to sanction.

28 U.S.C. § 1927 permits the imposition of sanctions upon an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously." Said statute provides that such an attorney may be ordered to "satisfy personally the excess costs, expense, and attorneys' fees reasonably incurred because of such conduct." The Court also has the inherent power to sanction where a party acts in bad faith. *Chambers v. NASCO, Inc.,* 501 U.S. 32, 46-

47, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991).  In the instant case, plaintiff's counsel is a seasoned practitioner in Federal Court who obviously is aware of the rules of discovery.

In presenting and defending his demand that the plaintiff be paid to attend the IME, although requested to do so by defense counsel, plaintiff's counsel has failed to present any supporting legal basis.  Of course, no legal basis exists.  As a result, plaintiff's counsel was, and remains, well aware that the position he has taken is flatly without legal basis and contradicts the rules of discovery.  Defense counsel submits that plaintiff's counsel's demand constitutes bad faith.  Plaintiff's counsel had ample opportunity to withdraw his baseless demands, but instead challenged defendant to bring the instant motion.

Plaintiff's counsel should be ordered, as a sanction for such conduct, to pay defense counsel's fees in preparing this motion.  Defense counsel will provide an affidavit of fees if this aspect of the motion is granted by the Court.  Alternatively, a sanction deemed appropriate by the Court should be imposed.

**WHEREFORE**, the defendant, Boston Towing & Transportation Co., prays that this Honorable Court

dismiss this action or, in the alternative, compel plaintiff to attend the independent medical examination scheduled before Charles Dicecca, M.D. on May 8, 2006 without requirement that defendant pay plaintiff's travel expenses.  Defendant also requests reasonable attorneys' fees and costs associated with the preparation of this Motion.

By it attorneys,

**KENNY, STEARNS & ZONGHETTI**

"/s/ Gino A. Zonghetti"___
Gino A. Zonghetti, Esq.
BBO NO: 663120
26 Broadway
New York, New York 10004
(212) 422-6111

**LOCAL RULES 7.1(A)(2) & 35.1(B) CERTIFICATE**

Boston, MA                                March 21, 2006

 I, Gino A. Zonghetti, hereby certify that I conferred with plaintiff's counsel regarding this motion and attempted without success to resolve this issue.

"/s/ Gino A. Zonghetti"

Dated: March 21, 2006