## Kenneth Chiarello

**From:** John Bromley [JBromley@KaplanBond.com]
**Sent:** Thursday, March 16, 2006 5:22 PM
**To:** Gino Zonghetti
**Cc:** Bigelow, Brandon L.; Kenneth Chiarello
**Subject:** RE: Sinatra; IME Dispute

Dear Mr. Zonghetti:

It seems that every time we make a good-faith effort to resolve issues in a reasonable manner, you consider such efforts to be frivolous. Whether or not something is "frivolous" is to be determined by the court – not you.

We look forward to arguing the merits of this dispute with <u>you</u> in the United States District Court.

Very truly yours,
DAVID KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558

DBK/jjb

---

**From:** Gino Zonghetti [mailto:gzonghetti@kszlaw.com]
**Sent:** Thursday, March 16, 2006 4:21 PM
**To:** John Bromley
**Cc:** Bigelow, Brandon L.; kchiarello@clinmuzyka.com
**Subject:** RE: Sinatra; IME Dispute

Dear Mr. Bromley:

     Please share this with Mr. Kaplan. We made our position as clear as we possibly could in our prior emails. We are not going to pay plaintiff anything for attending the IME in his law suit which he venued in Boston. We asked for legal support for his claim of entitlement for such payment, and you provided us with nothing. If Dr. Dicecca can arrange to see plaintiff at 1:00 p.m. that is fine with us, however, we are not going to attempt to reschedule the IME until we receive a firm commitment from you that plaintiff will appear without being paid to do so. As to the presence of individuals at the IME, as far as I am aware, no one else is entitled to be present during an IME. Accordingly, we will stipulate that the only individuals to be present during the IME will be Dr. Dicecca, plaintiff, and any medical assistant/nurse Dr. Dicecca may require to be present.

     As to the alleged two prior IMEs referred to by Mr. Kaplan., that assertion is utter and obvious nonsense. There have been no prior IMEs in this litigation. The only examinations were conducted in conjunction with plaintiff's workers' compensation claims and have nothing to do with this law suit, as Mr. Kaplan is well aware. We urge you to stop wasting our time taking frivolous positions, as you previously did with respect to plaintiff's deposition. Once again, in the event plaintiff does not agree to appear for his IME without being paid to do so by the end of business today (5:00 p.m.) we will move to compel and will seek as sanctions the cost of the motion since the position of plaintiff is blatantly frivolous.

                                          Gino A. Zonghetti
                                        Kenny, Stearns & Zonghetti
                                              26 Broadway
                                    New York, New York 10004

3/21/2006                                               EXHIBIT "F"