## John Bromley

**From:** Gino Zonghetti [gzonghetti@kszlaw.com]
**Sent:** Monday, March 20, 2006 1:48 PM
**To:** John Bromley
**Cc:** Bigelow, Brandon L.; kchiarello@clinmuzyka.com
**Subject:** RE: Sinatra; Boston Towing & Transportation's Responses to the Plaintiff's Discovery Requests

Dear Sirs:

     A couple of things in response to the enclosed letter, which seems to represent nothing more than what appears to be a habit of plaintiff's counsel of wasting time on frivolous things. First, the undersigned is full member of the bar of the United States District Court for the District of Massachusetts. You keep referring to "our" court and "our" local rules as if you have a possessory interest in the federal court. Secondly, reviewing the letter, we stand by our discovery responses. To the extent you have not received hard copies of responsive documents, we are sure Mr. Chiarello either has, or will, forward them to you in the very near future. Lastly, the complaints of your letter in large part represent claims by you that defendant eithershould have referred plaintiff to a document of which plaintiff is aware in responding to a discovery demand, which of course means you already have the discovery which you are seeking, or you are claiming something should exist where Boston Towing & Transportation has asserted it does not. For example, you repeatedly state that we should have referred plaintiff to the United States Coast Guard report regarding purported statements of the tug captain, or others. Yet, defendant did refer plaintiff to the Coast Guard report for plaintiff's statement, and, since plaintiff has the report they are aware of its contents. Accordingly, this aspect of the letter seems to represent nothing but an effort to waste time. You have, for example, claimed, that there should be a log book entry for plaintiff's accident because it is supposedly the custom. Yet, plaintiff did not claim he had an accident at the time and there was nothing to log. You are by now aware that plaintiff actually went to a physical examination the day after the supposed accident and denied he had any physical problems.

     Perhaps you should be addressing the larger issue represented by this case: this law suit represents nothing short of an absolute attempt to defraud the court and defendant and despite that, plaintiff's counsel appears to be interesting in nothing but wasting time and playing games. We will be forwarding to you in short order a Rule 11 motion to help you focus on the real issue in this case. Until then, we urge you to stop wasting our time with frivolity.

Gino A. Zonghetti
Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

-----Original Message-----
**From:** John Bromley [mailto:JBromley@KaplanBond.com]
**Sent:** Monday, March 20, 2006 1:35 PM
**To:** Gino Zonghetti
**Cc:** Bigelow, Brandon L.; kchiarello@clinmuzyka.com
**Subject:** RE: Sinatra; Boston Towing & Transportation's Responses to the Plaintiff's Discovery Requests


John J. Bromley
Law Clerk
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051

4/3/2006