UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*************************************
JAMES SINATRA,                        *
     Plaintiff.                       *
                                      *
v.                                    *     Civil Action No. 04-11077 NG
                                      *
BOSTON TOWING AND                     *
TRANSPORTATION CO.,                   *
Owner of TUG ETHEL TIBBETTS, and      *
CYPRESS POINT SHIPPING, LTD.,         *
Owner of the TANKER MOUNTAIN LADY,    *
     Defendants.                      *
*************************************
```

**SINATRA'S EMERGENCY MOTION TO EXTEND THE DEPOSITION DEADLINE
AND TO COMPEL BOSTON TOWING AND TRANSPORTATION CO.**

On May 24, 2006, the Plaintiff ("Sinatra") conducted a Rule 30(b)(6) Deposition of the Defendant, Boston Towing and Transportation Co. ("BTTC"). The designees produced for the deposition were the General Manager, David Clark and William Potter, the Captain of the TUG ETHEL TIBBETTS on the date of the incident, November 14, 2002.

At no time prior to the above-referenced deposition was it made known to Sinatra that the General Manager at the time of the incident was not Mr. Clark, but was Phillip Chase who is no longer employed by BTTC. Pursuant to Fed.R.Civ.P. 26(a)(1)(A), BTTC had a duty to provide "the name and, if known, the address and telephone number of each individual likely to have discoverable information . . ." BTTC failed to disclose the former, more relevant General Manager in their Initial Disclosures. *See* BTTC's Initial Disclosures, Exhibit A.

As evinced in what is now known to be *his* December 17, 2002 letter to the U.S. Coast Guard[1], Mr. Chase has knowledge of the following:

- BTTC's policies and procedures regarding "boarding and assisting persons who are not crewmen"
- "[S]afety meetings that specifically address[ed] the subject of ladder use"
    - The September 9, 2002 Minutes of Deckhand Safety Meeting "discuss[ed] the safe use of ladders . . . subsequent to last Spring's fatal accident."
- Mr. Chase "personally conducted" the above-mentioned safety meetings
- Mr. Chase "promulgate[d] a safety bulletin that [] address[ed] the specific concerns of boarding offshore"

*See* BTTC's December 17, 2002 Letter and attached Safety Meeting Minutes, Exhibit B.

BTTC's designees had a duty to review all information "known or reasonably available to the organization." *See* Fed.R.Civ.P. 30(b)(6), <u>Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.</u>, 201 F.R.D. 33, 38 (D.Mass. 2001). A telephone conversation with Mr. Chase would have certainly fallen within the "reasonably available" category.

On April 14, 2006, this court allowed Sinatra's Motion to Extend the Deposition Deadline to May 26, 2006. With the deadline only two days away, counsel for Sinatra requested the last known address of Mr. Chase so that he may subpoena him and notice the deposition prior to the new deadline. Counsel for BTTC said that he would "get the address to him when he gets home and gets around to it." When reminded of the deadline, BTTC's counsel said that he didn't care and that it was too late that "discovery is over."

---

[1] This letter was not produced by BTTC in their initial disclosures or in response to Sinatra's Rule 34 document requests – BTTC has produced <u>no</u> documentation to date other then minor insurance information and a hand-written ship's log. Though BTTC's redacted letter was provided by the Coast Guard as an attachment to their report, <u>none</u> of the BTTC deponents admit to ever talking to the Coast Guard – it is reasonably presumed that Mr. Chase did.

2

Pursuant to this court's schedule, the Discovery Deadline is currently June 30, 2006. If this court compels BTTC to disclose the last known address of Philip Chase within five days of the same, Sinatra would then be able to subpoena and notice the deposition of Mr. Chase for 10 a.m. Monday June 19, 2006. In all fairness to the unsuspecting Mr. Chase, this would give him adequate time to arrange his schedule accordingly.

Allowance of this motion will not prejudice any of the parties to this litigation and may allow Sinatra to avoid the necessity of seeking to compel responses to the many "I don't know" and "I don't know anything about that" responses that were given by BTTC's inadequately prepared Rule 30(b)(6) designees.

## LOCAL RULE 7.1(a)(2) CERTIFICATION

Sinatra certifies that he has conferred with BTTC in a good-faith effort to resolve or narrow the issues set forth in this motion.

Respectfully submitted,
James Sinatra,
By his attorney,

/s/ David B. Kaplan_____
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, Massachusetts 02210
(617) 261-0080
B.B.O. No. 258540

Dated: May 25, 2006

3