**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

------------------------------------------------------------X

**JAMES SINATRA,**

                              **Plaintiff,**

                                                        **CIVIL ACTION**
                                                        **NO: 04-11077-NG**

       **VS.**

**BOSTON TOWING AND TRANSPORTATION**
**CO., Owner of the TUG ETHEL TIBBETTS,**
**And CYPRESS POINT SHIPPING, LTD.,**
**Owner of the TANKER MOUNTAIN LADY,**

                              **Defendants.**

------------------------------------------------------------X

**AFFIDAVIT OF GINO A. ZONGHETTI**
**IN OPPOSITION TO PLAINTIFF'S**
**EMERGENCY MOTION TO EXTEND THE**
<u>**DISCOVERY DEADLINE AND COMPEL DISCOVERY**</u>

Gino A. Zonghetti, being duly sworn, deposes and says:

1.    I represent defendant Boston Towing and Transportation Company ("BTT") and submit this Affidavit in Opposition to plaintiff's emergency motion to extend discovery and compel BTT to disclose the last known address of Philip Chase, its former general manager. It is respectfully submitted plaintiff's motion should be denied.

2.    This law suit involves plaintiff's claim he suffered minor injuries on November 14, 2002 when he was transiting from BTT's tug boat to TANKER MOUNTAIN LADY. Plaintiff now claims he suffered a low back contusion on that date. The evidence in this case establishes that plaintiff did not make any complaint of injury at the time of the supposed incident and on the next day, November 15, 2002, reported to his pre-employment physical, which had been put off for a day, at which he informed

-1-

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

the examining physician he was in perfect health, specifically denying any low back pain or injury. On November 14, 2002, BTT's tug boat ETHEL TIBBETS, as a courtesy to a customer, transported plaintiff and his supervisor to TANKER MOUNTAIN LADY. Plaintiff was training as a cargo inspector and he and his supervisor were required to meet the TANKER MOUNTAIN LADY in order to inspect petroleum cargo aboard the tanker. After dropping plaintiff and his supervisor off at the tanker, tugboat ETHEL TIBBETS. No accident was observed concerning plaintiff by the captain or crew of the tug boat. Witnesses, including plaintiff's supervisor, have testified that plaintiff encountered some minor trouble while boarding TANKER MOUNTAIN LADY from a ladder that was placed on the tugboat running to the tanker. Plaintiff's supervisor, Dana Brown, indicated that while climbing over the tanker's railing plaintiff came down on his crotch. However, plaintiff informed all present he was fine and worked for about four hours without complaint after this. Accordingly, BTT had no reason to believe there had been any accident or injury involving plaintiff.

3.      Plaintiff apparently reported that he had been injured to his supervisor on November 18, 2002 – four days after the supposed occurrence. Sometime thereafter, plaintiff apparently also notified the United States Coast Guard, which initiated an investigation. During the course of this investigation the Coast Guard was in touch with Philip Chase, who was then manager of BTT, but has since retired. Mr. Chase apparently provided the Coast Guard with some information, including policies and procedures of BTT, which were appended to the Coast Guard's final report.

-2-

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

4.    BTT provided its initial Rule 26 disclosures to plaintiff on or about June 28, 2004. In that disclosure, the entire crew of BTT's tug boat were listed as people with potential knowledge concerning this law suit. Philip Chase was not listed as Mr. Chase was not a witness to the alleged incident. Further, Mr. Chase was not believed to have any knowledge concerning anything of substance regarding this law suit. Mr. Chase did not take any statements from witnesses and his involvement was exclusively after the fact, responding to information requests from the Coast Guard.

5.    Plaintiff failed to conduct depositions in this case. On or about April 14, 2006 plaintiff sought an extension of time from the Court for the purposes of conducting depositions. This was granted and plaintiff was afforded up until May 26, 2006 to complete discovery. The parties, via email, informally discussed dates that plaintiff would take depositions. If was agreed via email that depositions by plaintiff would be conducted on May 23rd and May 24th, 2006. Counsel for plaintiff, through a law clerk, informed the undersigned that it would seek to conduct a deposition of BTT pursuant to Federal Rule of Civil Procedure 30(b)(6). In response to the undersigned's inquiry as to whom plaintiff was seeking to depose from BTT, plaintiff's counsel responded: "In essence, we are looking to depose the General Manager, David Clark, under Rule 30(b)(6) as well as the captain and the two crewmen" (Exhibit A). Accordingly, BTT produced David Clark, as well as captain William Potter for deposition on May 24, 2006. Plaintiff subpoenaed crewman Thomas Rooney and former employee and crewman Timothy Machiek, both of whom were also deposed on that date. On May 24, 2006, at the conclusion of these four depositions, counsel for plaintiff, for the first time, indicated

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

that he sought to depose Philip Chase. He asked the undersigned for Mr. Chase's home address. In response it was indicated by the undersigned that while BTT would provide plaintiff's counsel with Mr. Chase's home address, it would contest any further depositions in this case since discovery was scheduled to conclude on May 26, 2006. In addition, it was asserted that Mr. Chase was not a witness to the alleged incident and could not provide anything of substance. The undersigned did not say, as is alleged by counsel for plaintiff, that "he didn't care." To the contrary, what was stated was that discovery was over on May 26, 2006 and BTT would resist any further depositions. The undersigned forwarded the last know address of Philip Chase to plaintiff's counsel on May 26, 2006.

6.    Plaintiff's application should be denied. Plaintiff had over two years to complete discovery and made no effort to depose BTT employees or Mr. Chase during that time. In addition, the deposition of Mr. Chase is far from necessary for plaintiff to prepare its case. Mr. Chase was not a witness to the alleged incident and has no first hand knowledge concerning it. The current general manager of BTT, David Clark, has been deposed and was able to testify as practices and procedures at BTT and bind defendant by his testimony. It appears plaintiff seeks to depose Mr. Chase regarding two topics: a purported change in operating procedures by BTT following plaintiff's alleged accident and Mr. Chase's statements to the United States Coast Guard as included in its accident investigation report. However, Mr. Clark, as BTT's representative was available to be questioned about any purported subsequent changes, which are in any event inadmissible pursuant to Fed. R.Civ.P. 407. Further, accident investigation reports of the United States Coast Guard are similarly

-4-

Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

inadmissible pursuant to 46 U.S.C. § 6308(a); *Falconer v. Penn Maritime, Inc.,* 397 F.Supp.2d. 68 (D.Me. 2005). In sum, plaintiff should not be entitled to a further extension of discovery to depose Mr. Chase. Plaintiff failed to seek the deposition of Mr. Chase in a timely manner and there are no extraordinary circumstances supporting plaintiff's application to depose Mr. Chase out of time.

Dated:        May 26, 2006

Kenny, Stearns & Zonghetti
Attorneys for Boston Towing & Transportation Co.

By:

Gino A. Zonghetti

BBO Number: 663120
26 Broadway
New York, New York 10004
(212) 422-6111

Clinton & Muzyka, P.C.
One Washington Mall
Suite 1400
Boston, MA 02108

Sworn to this
26th Day of May, 2006.

Noreen D. Arnalde

NOREEN D. ARNALDE
Notary Public, State of New York
No. 02AR6045898
Qualified in Nassau County
Commission Expires July 31, 20__

-5-

**EXHIBIT A**

## Gino Zonghetti

| | |
|---|---|
| **From:** | John Bromley [JBromley@KaplanBond.com] |
| **Sent:** | Wednesday, May 10, 2006 12:37 PM |
| **To:** | Gino Zonghetti |
| **Cc:** | Brandon Bigelow; Ken Chiarello |
| **Subject:** | RE: Depositions of BTT |

I apologize for not getting the notice out yet – it will come later today.

In essence, we are looking to depose the General Manager, David Clark under Rule 30(b)(6) as well as the captain and the two crewmen.

The 19th is longer any good, however two other options do exist:
1. On the 23rd, at Brandon's office directly after the deposition of Dana Brown.  I can't imagine his lasting more than two hours.  We could have your client's at noon and Brandon's at 3.
2. The 24th has opened up and both defendants could be deposed that day with yours starting at 9 or 10 – your preference – and Brandon's following at 2.

John J. Bromley
Law Clerk
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558

---

**From:** Gino Zonghetti [mailto:gzonghetti@kszlaw.com]
**Sent:** Wednesday, May 10, 2006 1:05 PM
**To:** John Bromley
**Cc:** Brandon Bigelow; Ken Chiarello
**Subject:** RE: Depositions of BTT

John:

     I could do something early on the 19th. By the way, who is it you are seeking to depose from BTT ?

Gino A. Zonghetti
Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111

     -----Original Message-----
**From:** John Bromley [mailto:JBromley@KaplanBond.com]
**Sent:** Wednesday, May 10, 2006 12:14 PM
**To:** Gino Zonghetti
**Cc:** Brandon Bigelow; Ken Chiarello
**Subject:** RE: Depositions of BTT

Dear Gino:

The 19th and 22nd are the only two dates we have available that fall prior to the court-ordered deadline.

Is the 19th a possibility or is there something we can do about time of day on the 22nd that would make it possible?

John J. Bromley
Law Clerk
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558

---

**From:** Gino Zonghetti [mailto:gzonghetti@kszlaw.com]
**Sent:** Wednesday, May 10, 2006 12:56 PM
**To:** John Bromley
**Cc:** Brandon Bigelow; Ken Chiarello
**Subject:** Depositions of BTT

John:

      I now have a problem with May 22nd. Is May 24th available for the deposition?

Gino A. Zonghetti
Kenny, Stearns & Zonghetti
26 Broadway
New York, New York 10004
(212) 422-6111
