UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
JAMES SINATRA,                         \*
    Plaintiff.                          \*
                                         \*
v.                                     \*   Civil Action No. 04-11077 NG
                                         \*
BOSTON TOWING AND                      \*
TRANSPORTATION CO.,                    \*
Owner of TUG ETHEL TIBBETTS, and       \*
CYPRESS POINT SHIPPING, LTD.,          \*
Owner of the TANKER MOUNTAIN LADY,     \*
    Defendants.                         \*
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MOTION TO COMPEL THE DEFENDANT, CYPRESS POINT SHIPPING, LTD.'s, RESPONSE TO PLAINTIFF'S DISCOVERY REQUESTS AND TO PRODUCE A DESIGNEE FOR RULE 30(b)(6) DEPOSITION**

Pursuant to this court's Order of June 26, 2006, the Plaintiff, James Sinatra ("Sinatra"), requests this honorable court to Order the Defendant, Cypress Point Shipping, LTD. ("Cypress"), to do the following within fourteen (14) days and/or prior to July 10, 2006:

1. Produce a Rule 30(b)(6) designee(s);

2. Respond to Sinatra's Request for Production of Documents; and

3. Answer Sinatra's Interrogatories.

<u>INTRODUCTION</u>

Cypress has failed to respond to Sinatra's discovery requests and has failed to produce an officer, director, or managing agent or any other person(s) properly designated under Rule 30(b)(6) to testify on its behalf.

Pursuant to Fed.R.Civ.P. 37(d) and LR 37.1, Sinatra has conferred with Counsel for Cypress on several occasions over the past two months.

BRIEF BACKGROUND:

1. On March 31, 2006, by agreement of the respective parties, Sinatra served Cypress with Interrogatories and a Request for the Production of Documents that included a request to inspect the TANKER MOUNTAIN LADY.

2. Cypress' Answers to Interrogatories were due on May 15, 2006 and their Responses to the Document Requests were due on April 30, 2006.

3. From April 6-May 10, 2006, Sinatra attempted to schedule Cypress' Rule 30(b)(6) deposition. On May 10 the parties settled upon May 23, 2006.

4. On May 10, 2006 Sinatra granted Cypress an extension to May 15, 2006 by which they were to serve their responses. Cypress failed to respond by the agreed upon date.

5. On May 22, 2006 Cypress notified Sinatra that they were "unable to identify a deponent for the Rule 30(b)(6) deposition."

6. To date, Cypress has failed to respond to Sinatra's discovery requests or produce a designee for their Rule 30(b)(6) deposition.

LAW AND ARGUMENT

Fed.R.Civ.P. 37(d) provides that "[i]f a party or an officer, director, or managing agent of a party or a person designated under Rule 30(b)(6) . . . to testify on behalf of a party fails (1) to appear before the officer who is to take the deposition, after being served with a proper notice, or (2) to serve answers or objections to interrogatories submitted under Rule 33, after proper service of the interrogatories, or (3) to serve a written response to a request for inspection submitted under Rule 34, after proper service of the request, the court in which the action is pending on motion may make such orders in regard to the failure as are just, and among others it may take any action authorized

under subparagraphs (A), (B), and (C) of subdivision (b)(2) of this rule." *See* Fed.R.Civ.P. 37(d).

As stated *supra*, Cypress failed to:

1. Produce a Rule 30(b)(6) designee "to appear . . . after being served with a proper notice";

2. "[S]erve answers . . . to Interrogatories submitted under Rule 33, after proper service of the interrogatories"; or

3. "[S]erve a written response to a request for inspection submitted under Rule 34, after proper service of the request." Notwithstanding the fact that defense counsel served *a* response, such response, upon information and belief, was provided by a third party and NOT Cypress. Therefore, <u>Cypress</u> has not yet seen nor have *they* responded to Sinatra's request.

REMEDIES

As a remedy for Cypresses' failures, Rule 37(d) states that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." Pursuant to the same Rule, this court is also "authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of [Rule 37(d)]" to issue any of the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; and

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part

3

thereof, **or rendering a judgment by default against the disobedient party**. *See* Fed.R.Civ.P. 37(b)(2)(emphasis added).

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c). Cypress has not filed for a protective order.

Further, pursuant to the "usual rule . . . failing to serve objections to requests for documents within the time period prescribed by Rule 34(b), Fed.R.Civ.P., operates as a waiver of the objections to production." *See* Day v. Boston Edison Co., 150 F.R.D. 16, 21 (D.Mass. 1993) *citing to* Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass. 1988) *see also* Baicker-McKee, *Federal* Civil Rules Handbook, Author's Commentary on Rule 34, 710 (West 2006) ("All grounds for objection must be specifically stated in a timely response or they are waived . . ."). As such, any objections Cypress may have had have long since been waived.

REQUEST FOR RELIEF

Pursuant to this court's June 26, 2006 Order, Sinatra respectfully requests this court allow the attached Order stating that Cypress shall, within fourteen (14) days and/or prior to July 10, 2006:

1. Produce a Rule 30(b)(6) designee(s);

2. Respond to Sinatra's Request for Production of Documents; and

3. Answer Sinatra's Interrogatories.

In the event that Cypress fails to abide by the above-requested court Order, Sinatra respectfully requests the following relief:

1. That this court, pursuant to its authority under Rule 37(b)(2)(C) "render[] a judgment by default against" Cypress and schedule an assessment of damages at the court's earliest convenience;

2. That this court, pursuant to its authority under Rule 37(b), Order Cypress pay the reasonable expenses, including attorney's fees, caused by Cypress' failures.

Respectfully submitted,
JAMES SINATRA,
By his attorney,


/s/ David B. Kaplan
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
B.B.O. No. 258540


Dated: June 27, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
*************************************
JAMES SINATRA,                       *
     Plaintiff.                      *
                                     *
v.                                   *     Civil Action No. 04-11077 NG
                                     *
BOSTON TOWING AND                    *
TRANSPORTATION CO.,                  *
Owner of TUG ETHEL TIBBETTS, and     *
CYPRESS POINT SHIPPING, LTD.,        *
Owner of the TANKER MOUNTAIN LADY,   *
     Defendants.                     *
*************************************
```

**ORDER**

The Defendant, Cypress Point Shipping, LTD. shall, within fourteen (14) days and/or prior to July 10, 2006:

1. Produce a Rule 30(b)(6) designee(s);

2. Respond to Sinatra's Request for Production of Documents; and

3. Answer Sinatra's Interrogatories.

IT IS SO ORDERED.

_____
J. Gertner

6