UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA,<br><br>                  Plaintiff,<br><br>        v.<br><br>BOSTON TOWING & TRANSPORTATION CO. and<br>CYPRESS POINT SHIPPING, LTD.,<br><br>                  Defendant. | CIVIL ACTION<br>NO. 04-cv-11077-NG |

**MOTION TO STAY PROCEEDINGS**
**PENDING MEDIATION HEARING**

      Defendant, Cypress Point Shipping Ltd. ("Cypress"), respectfully moves for a brief stay of proceedings in the above-captioned matter until July 24, 2006, pending the outcome of the mediation hearing scheduled for July 20, 2006 before Magistrate Judge Marianne Bowler. As grounds for this motion, Cypress states as follows:

      1.    Cypress is presently required to identify a Rule 30(b)(6) deponent and respond to discovery, or otherwise respond to the Motion to Compel filed by plaintiff, James Sinatra ("Sinatra"), no later than July 10, 2006. Requiring Cypress to expend legal resources responding to this motion, rather than prepare for a meaningful mediation before Magistrate Bowler, is not an effective use of the resources of this Court or the parties. Moreover, although Sinatra's own three year delay in giving Cypress notice of his claim is the cause of Cypress's difficulty in responding to some discovery, Sinatra argues in his Motion to Compel that entry of a default against Cypress is the appropriate remedy. The entry of a default against Cypress – or even the imminence of one – would directly impact the mediation hearing, as Cypress could lose coverage from its insurer for failure to cooperate with the defense of this matter.

- 2 -

2.  Discovery is scheduled to close on June 30, 2006.  In order to avoid needless costs, Cypress has not served several third party subpoenas for documents in hopes that the July 20, 2006 mediation hearing will be successful.  Cypress is particularly reticent to pursue third party discovery because these subpoenas would force third parties unrelated to this litigation to incur costs to gather documents and respond to discovery.  Those costs might be avoided if the July 20, 2006 mediation hearing is successful.

3.  A temporary stay of proceedings is well within the Court's authority.  As the Supreme Court has stated ". . . [the] power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants . . . [how] this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  Cypress seeks a stay only until July 24, 2006, four days after the mediation hearing, so that its response to the Motion to Compel would be filed, and any third party discovery would be served, no later than that date.  No party would be prejudiced by this very brief delay in proceedings.  The Court would still have ample time to resolve any remaining discovery issues, and could avoid a waste of judicial resources assuming that the July 20, 2006 mediation hearing is successful.

4.  Defendant, Boston Tow and Transportation Co., has assented to this motion.  As of the filing of this motion, although the parties had conferred, Sinatra has not yet assented to this motion.

LITDOCS/646177.1

## LOCAL RULE 7.1(a)(2) AND 37.1(b) CERTIFICATION

I certify that counsel for Cypress conferred with counsel for Boston Tow by electronic mail on June 29, 2006 and by telephone with counsel for Sinatra on June 30, 2006 and has attempted in good faith to resolve or narrow the issues presented by this motion.

> Respectfully submitted,
>
> **CYPRESS POINT SHIPPING, LTD.,**
>
> By its attorneys,
>
>
> */s/ Brandon L. Bigelow*
> Robert E. McDonnell, BBO #331470
> Brandon L. Bigelow, BBO #651143
> **BINGHAM MCCUTCHEN LLP**
> 150 Federal Street
> Boston, MA  02110-1726
> (617) 951-8000

Dated:  June 30, 2006

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on counsel for each other party by electronic mail and first class mail on June 30, 2006.

*/s/ Brandon L. Bigelow*
Brandon L. Bigelow

- 3 -