UNITED STATES DISTRICT COURT

```
****************************************
JAMES SINATRA,                          *
      Plaintiff.                        *
                                        *
v.                                      *    Civil Action No. 04-11077 NG
                                        *
BOSTON TOWING AND                       *
TRANSPORTATION CO.,                     *
Owner of TUG ETHEL TIBBETTS, and        *
CYPRESS POINT SHIPPING, LTD.,           *
Owner of the TANKER MOUNTAIN LADY,      *
      Defendants.                       *
****************************************
```

### PLAINTIFF'S MOTION TO DEFAULT THE DEFENDANT, CYPRESS POINT SHIPPING, LTD., FOR THEIR FAILURE TO COMPLY WITH THIS COURT'S JULY 3, 2006 ORDER

Pursuant to this court's Order dated July 3, 2006, the Plaintiff, James Sinatra ("Sinatra"), requests this honorable court to Default the Defendant, Cypress Point Shipping, LTD. ("Cypress"), for their failure to comply with the terms of said Order.

On July 3, 2006 this court adopted Sinatra's proposed order which stated that:

The Defendant, Cypress Point Shipping, LTD. shall, within fourteen (14) days and/or

prior to July 10, 2006:

1. Produce a Rule 30(b)(6) designee(s);
2. Respond to Sinatra's Request for Production of Documents; and
3. Answer Sinatra's Interrogatories.

As of July 10, 2006, Cypress has failed to abide by the above-recited Order.

REMEDY

As a remedy for Cypresses' failure, Rule 37(d) states that "the court shall require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure . . ." Pursuant to the same Rule, this court is also "authorized under subparagraphs (A), (B), and (C) of subdivision (b)(2) of [Rule 37(d)]" to issue any of the following:

(A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated claims or defenses, or prohibiting that party from introducing designated matters in evidence; and

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, **or rendering a judgment by default against the disobedient party**. *See* Fed.R.Civ.P. 37(b)(2)(emphasis added).

The failure to act described in this subdivision may not be excused on the ground that the discovery sought is objectionable unless the party failing to act has a pending motion for a protective order as provided by Rule 26(c). To this date, Cypress has not filed for a protective order.

Further, pursuant to the "usual rule . . . failing to serve objections to requests for documents within the time period prescribed by Rule 34(b), Fed.R.Civ.P., operates as a waiver of the objections to production." *See* Day v. Boston Edison Co., 150 F.R.D. 16, 21 (D.Mass. 1993) *citing to* Krewson v. City of Quincy, 120 F.R.D. 6, 7 (D.Mass. 1988) *see also* Baicker-McKee, *Federal* Civil Rules Handbook, Author's Commentary on Rule 34, 710 (West 2006) ("All grounds for objection must be specifically stated in a timely response or they are waived . . ."). As such, any objections Cypress may have had have long since been waived.

REQUEST FOR RELIEF

Pursuant to this court's July 3, 2006 Order, Sinatra respectfully requests the following relief:

1. That this court, pursuant to its authority under Rule 37(b)(2)(C) "render[] a judgment by default against" Cypress and schedule an assessment of damages at the court's earliest convenience; and

2. That this court, pursuant to its authority under Rule 37(b), Order Cypress pay the reasonable expenses, including attorney's fees, caused by Cypress' failures.


Respectfully submitted,
JAMES SINATRA,
By his attorney,


/s/ David B. Kaplan
DAVID B. KAPLAN
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
(617) 261-0080
B.B.O. No. 258540


Dated: July 11, 2006