UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>BOSTON TOWING & TRANSPORTATION CO. and )<br>CYPRESS POINT SHIPPING, LTD., )<br>)<br>    Defendant. )<br>) | CIVIL ACTION<br>NO. 04-cv-11077-NG |

**DEFENDANT CYPRESS POINT SHIPPING LTD.'S**
**STATEMENT OF UNDISPUTED FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56 and Local Rule 56.1, defendant, Cypress Point Shipping Ltd. ("Cypress"), hereby submits this Statement of Undisputed Facts in support of its Motion for Summary Judgment. As set forth in the accompanying Opposition to Motion to Compel and for Discovery Sanctions, Cypress is entitled to summary judgment based on the following material facts of record, to which there is no genuine dispute to be tried.

**A.    Sinatra's Unreasonable Delay In Serving the Complaint.**

1.    Plaintiff, James Sinatra ("Sinatra"), filed the Complaint on or about May 21, 2004. *Complaint*.

2.    Although he named both Boston Tugboat Co., Inc. (later corrected to reflect Boston Towing & Transportation Co. ["Boston Tow"] as the owner of the tug ETHEL TIBBETTS) and Cypress Point Shipping, Ltd. as defendants, he did not serve that complaint on Cypress. *Sinatra's Motion to Amend Complaint dated July 19, 2005*.

3.    Instead, Sinatra pressed his claim only against Boston Tow, twice amending his complaint to name Boston Tow as the sole defendant. *First Amended Complaint; Second Amended Complaint.*

4.     On or about July 19, 2005, alluding to but not disclosing so-called "information" that had only recently come to his attention, Sinatra moved for leave to file the Third Amended Complaint and add Cypress as a defendant. *Sinatra's Motion to Amend Complaint dated July 19, 2005*.

5.     On September 2, 2005, Sinatra served a Summons and the Third Amended Complaint on Moran Shipping Agency, the port agent engaged to support T/V MOUNTAIN LADY when the vessel had called at the Port of Boston in November 2002, almost three years previously. *Return of Service of Process dated September 2, 2005; Affidavit of John Eleftheriades ("Eleftheriades Aff."), ¶ 4*.

6.     Moran Shipping forwarded the Third Amended Complaint to John Eleftheriades, the insurance manager for Colonial Navigation Co., Inc. ("Colonial Navigation") in New York. *Eleftheriades Aff., ¶ 4*.

7.     Colonial Navigation acted as the U.S. commercial agent for T/V MOUNTAIN LADY from 1996 until October 18, 2004. *Eleftheriades Aff., ¶ 2*.

8.     During the intervening sixteen month period between the filing of the original Complaint and the service of the Third Amended Complaint on Moran Shipping, Cypress sold T/V MOUNTAIN LADY. *Eleftheriades Aff., ¶ 3*.

9.     T/V MOUNTAIN LADY is now reported by Lloyd's Register of Ships to be owned by Akar Deniz Taslmaciligi ve Ticaret Ltd Sirketi of Istanbul, Turkey and operates as T/V BAKI AKAR. *See excerpt from Lloyd's Register of Ships 2005-06, attached as <u>Exhibit A</u> to the Affidavit of Brandon L. Bigelow ("Bigelow Aff.")*.

10.    Colonial Navigation ceased its role as commercial agent for T/V MOUNTAIN LADY on October 18, 2004, when the vessel was sold. *Eleftheriades Aff., ¶ 3*.

11. Although no longer acting as agent for the vessel in September 2005, Colonial Navigation gave notice to the UK Club, the vessel's insurer on the date of the alleged incident, of Sinatra's claim. *Eleftheriades Aff., ¶ 6*.

### B.     Sinatra's Repeated And Unreasonable Delays Prejudice The Defense Of This Matter.

12. Sinatra did not report his injury to the master or crew of the T/V MOUNTAIN LADY while aboard the vessel that day. *Deposition of James Sinatra ("Sinatra Depo.") at 139:15-21, Bigelow Aff., Exhibit B*.

13. At a physical examination the following day, November 15, 2002, Sinatra reported that he did not have any back pain at all. *Sinatra Depo. at 157:8-23, Bigelow, Aff., Exhibit B*.

14. Although well aware that the vessel was now owned by a Turkish entity, Sinatra nevertheless demanded that Cypress make the vessel available for inspection and "cover the travel expenses" for his counsel to travel to the tanker, "wherever that may be." *April 7, 2006 E-mail from John Bromley to Brandon Bigelow, Bigelow Aff., Exhibit C*.

15. Sinatra does not even remember how he was injured on November 14, 2002; after all, as Sinatra himself confessed: "We're talking about something 37, -8 months ago." *Sinatra Depo. at 128:15-129:12*.

### C.     Sinatra Misses The Deadline For Written Discovery And Asks Cypress To Extend A Courtesy.

16. By agreement of the parties and order of this Court, all written discovery was to be served no later than January 16, 2006. Responses were to be served no later than February 15, 2006. *Proposed Scheduling Order*.

17. Although the Court endorsed the Proposed Scheduling Order on December 1, 2005, Sinatra ignored the deadline for written discovery. *Bigelow Aff., ¶ 4*.

18.     Instead, on March 31, 2006, more than two months after the deadline had run, Sinatra served written discovery on Cypress. *Bigelow Aff., ¶ 5*

19.     On April 3, 2006, Sinatra's counsel (actually the paralegal in counsel's office), contacted counsel for Cypress. *Bigelow Aff., ¶ 6*.

20.     Sinatra's counsel asked that Cypress agree to extend the deadline for written discovery as a courtesy. *Bigelow Aff., ¶ 6*.

21.     Counsel for Cypress explained that the only discovery that would be available would be documents obtained from the local port agent Sinatra had served, and whatever information could be derived from Colonial Navigation, as the former commercial agent for the vessel. *Bigelow Aff., ¶ 7*.

22.     Sinatra's counsel represented that he would "take your best-effort responses with a grain of salt taking into account the time elapsed since the date of injury and the turnover of the crew . . . ." *Apr. 3, 2006 E-mail from John Bromley to Brandon Bigelow, Bigelow Aff., ¶ 8, Exhibit D*.

23.     In reliance on those representations, Cypress agreed to respond to Sinatra's discovery requests, and produced documents obtained from Moran Shipping on or about May 16, 2006. *Bigelow Aff., ¶ 9*.

24.     Cypress also offered to make a representative of Colonial Navigation available for deposition, but Sinatra refused that offer. *Bigelow Aff., ¶ 10*.

25.     Instead, Sinatra filed a Motion to Compel based on his late discovery requests. *Bigelow Aff., ¶ 11*.

26.     With court-referred mediation scheduled to occur only ten days after the response to Sinatra's Motion to Compel was due, Cypress requested that the parties agree to a brief two

- 5 -

week stay of proceedings to see if the matter could be mediated without incurring further needless litigation costs. *Cypress's Motion to Stay Proceedings dated June 30, 2006; Bigelow Aff., ¶ 11.*

    27.    Counsel for Sinatra refused to assent to this limited stay. *Bigelow Aff., ¶ 11.*

    Respectfully submitted,

    **CYPRESS POINT SHIPPING, LTD.,**

    By its attorneys,

    */s/ Brandon L. Bigelow*
    Robert E. McDonnell, BBO #331470
    Brandon L. Bigelow, BBO #651143
    **BINGHAM MCCUTCHEN LLP**
    150 Federal Street
    Boston, MA  02110-1726
    (617) 951-8000

Dated:  July 10, 2006

- 6 -

**CERTIFICATE OF SERVICE**

    I hereby certify that a true copy of the above document was served on counsel for each other party by electronic mail and first class mail on July 10, 2006.


*/s/ Brandon L. Bigelow*
Brandon L. Bigelow