UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES SINATRA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>BOSTON TOWING & TRANSPORTATION CO. and<br>CYPRESS POINT SHIPPING, LTD.,<br><br>　　　　　　　Defendant. | CIVIL ACTION<br>NO. 04-cv-11077-NG |

## AFFIDAVIT OF BRANDON L. BIGELOW

Brandon L. Bigelow, having been duly sworn, hereby deposes and states as follows:

1.  My name is Brandon L. Bigelow, and I am an associate at Bingham McCutchen LLP in Boston, Massachusetts. With Robert E. McDonnell, a partner at this firm, I represent the defendant, Cypress Point Shipping, Ltd. ("Cypress").

1.  T/V MOUNTAIN LADY is now reported by Lloyd's Register of Ships to be owned by Akar Deniz Taslmaciligi ve Ticaret Ltd Sirketi of Istanbul, Turkey and operates as T/V BAKI AKAR. A true and accurate copy of excerpts from Lloyd's Register of Ships 2005-2006 is attached hereto as Exhibit A.

2.  The plaintiff, James Sinatra, was deposed at the offices of Clinton & Muzyka, P.C., on or about February 6, 2006. A true and accurate copy of excerpts from that deposition is attached hereto as Exhibit B.

3.  On or about April 7, 2006, although aware that the vessel was now owned by a Turkish entity, Sinatra nevertheless demanded that Cypress make the vessel available for inspection and "cover the travel expenses" for his counsel to travel to the tanker, "wherever that

LITDOCS/646790.1

may be." A true and accurate copy of the April 7, 2006 E-mail from John Bromley to me is attached hereto as <u>Exhibit C</u>.

4. Although the Court endorsed the Proposed Scheduling Order on December 1, 2005, and written discovery was due no later than January 16, 2006, Sinatra ignored that deadline.

5. Instead, on March 31, 2006, more than two months after the deadline had run, Sinatra served written discovery on Cypress.

6. On April 3, 2006, Sinatra's counsel (again through a paralegal), contacted me. He asked that Cypress agree to extend the deadline for written discovery as a courtesy.

7. I explained that the only discovery that would be available would be documents obtained from the local port agent Sinatra had effected service of process upon, and whatever information could be derived from the former commercial agent for the vessel located in New York.

8. Sinatra's counsel represented in an April 3, 2006 e-mail that he would "take your best-effort responses with a grain of salt taking into account the time elapsed since the date of injury and the turnover of the crew . . . ." A true and accurate copy of the April 3, 2006 E-mail from John Bromley to me is attached as <u>Exhibit D</u>.

9. In reliance on those representations, I agreed to respond to Sinatra's discovery requests, and Cypress produced documents obtained from Moran Shipping on or about May 16, 2006.

10. I also offered to make a representative of Colonial Navigation available for deposition, but Sinatra refused that offer.

11. Instead, Sinatra filed a Motion to Compel based on his untimely discovery requests. With court-referred mediation scheduled to occur only ten days after the response to Sinatra's Motion to Compel was due, I requested that the parties agree to a brief two week stay of proceedings to see if the matter could be mediated without incurring further needless litigation costs. Counsel for Sinatra refused to assent to this limited stay.

Sworn under penalties of perjury this 10 day of July, 2006.

_____
Brandon L. Bigelow

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served on counsel for each other party by electronic mail and first class mail on July 10, 2006.

_____
Brandon L. Bigelow