# EXHIBIT D

**Bigelow, Brandon L.**

| | |
|---|---|
| From: | John Bromley [JBromley@KaplanBond.com] |
| Sent: | Monday, April 03, 2006 12:33 PM |
| To: | Bigelow, Brandon L. |
| Subject: | RE: Sinatra; Request for an Extension on Serving Written Discovery - CONFIDENTIAL |

Dear Mr. Bigelow:

This email is being sent in confidence and is not being disclosed to the other defendant. It is also my hope that you shall not use it in conjunction with any future pleadings. I am sending this communication for the sole purpose of avoiding any motion practice that would be necessary to formally extend a "sub-date" on the current court-ordered schedule.

As you are aware, the following is the current discovery schedule pertinent to our earlier discussion:

WRITTEN DISCOVERY REQUESTS         February 15, 2006
DEPOSITIONS                        June 30, 2006
DISCOVERY DEADLINE                 June 30, 2006

We propounded our discovery upon you, late, on Friday March 31, 2006. From that date, the due dates would be as follows:
ANSWERS TO INTERROGATORIES         May 15, 2006
RESPONSE TO DOCUMENT REQUESTS      April 30, 2006

Although our requests were served upon you late, the due dates would still fall before the deposition deadline and well before the ultimate discovery deadline – in short, the overall court-ordered schedule of this case could still be kept.

In our conversation earlier today, you requested reasons as to why we are late in serving our requests. The following reasons apply:
- Since last October, there has been an on-going discovery dispute between us and the other defendant regarding their responses to our discovery requests. As you are aware, the dispute centered upon the start time of the "discovery clock" related to the requests we had propounded. The issue fell upon a clerical error on our part (and before my involvement) that left us with the erroneous belief that we had served our initial disclosures, when in fact we had not. As you are aware, the court ordered that the plaintiff be deposed; the deposition was conducted on February 6, 2006; and the other defendant agreed to serve their answers and responses on the next day, February 7. As you are aware from the copies you received of the escalating dispute, the defendant's responses were so inadequate that we felt compelled to pursue the matter. Attorney Chiarello stepped in on the eve of our filing a motion to compel and seems to have amicably settled the matter with the supplemental responses he has provided.
- In addition to the above-stated, as you are further aware due to your work on the insurance-defense side (and as I recall from my former work for AIG's staff counsel office), there is only so much time in each day and only so much of that time that may be allotted to each matter in each case in a load. This is not something I would ever say in court, but do so here as a "green" attorney-to-be in an effort to appeal to you as a practitioner. I do apologize for any inconvenience our late requests may have caused you or your client.

For the reasons stated above I am hopeful that you will agree to proceed with responding to our discovery requests. Of course, as we discussed, we will take your best-effort responses with a grain of

salt taking into account the time elapsed since the date of injury and the turnover of the crew and shall attempt to fill in any blanks at the deposition of your client.

In addition, and also as we discussed, if I am able to get authorization from our client, I will put together a confidential settlement proposal geared towards letting your client out of this litigation. Such proposal, if I am authorized, shall also outline the liability and a reasonable share of the damages claimed.

As always Mr. Bigelow, your time in hearing my request is greatly appreciated.

John J. Bromley
Law Clerk
**THE KAPLAN/BOND GROUP**
88 Black Falcon Avenue, Suite 301
Boston, MA 02210
P: (800) 864-0051
F: (617) 261-1558

7/10/2006