UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
**************************************
JAMES SINATRA,                       *
     Plaintiff.                      *
                                     *
v.                                   *     Civil Action No. 04-11077 NG
                                     *
BOSTON TOWING AND                    *
TRANSPORTATION CO.,                  *
Owner of TUG ETHEL TIBBETTS, and     *
CYPRESS POINT SHIPPING, LTD.,        *
Owner of the TANKER MOUNTAIN LADY,   *
     Defendants.                     *
**************************************
```

**PETITION FOR APPROVAL OF SETTLEMENT
PURSUANT TO MASS. GEN. LAWS CH. 152, SEC. 15**

The parties to the above-captioned matter and Liberty Mutual petition this court for the approval of settlement pursuant to M.G.L. ch. 152, § 15. The terms and conditions of this proposed settlement are as follows:

**I.   Hearing**

The parties waive their right to a hearing on this petition for approval of settlement.

Further, the plaintiff, James Sinatra ("Sinatra"), currently resides at 45353 St. George's Avenue, Piney Point, Maryland and is two weeks from completion of his training for a new job as a seaman. Since he is going to sea immediately thereafter, he can only be made available for a hearing in this matter with great hardship and the risk of losing his new job. *See* Sinatra's Affidavit attached as Exhibit A.

## II. The Accident

On November 14, 2002 Sinatra was working as a cargo gauger employed by Camin Cargo Control, Inc. and alleges that he was injured while being transferred from the TUG ETHEL TIBBETTS ("Tug") to the TANKER MOUNTAIN LADY ("Tanker").

The defendants adamantly deny negligence and/or any liability for the incident or injuries alleged. The defendants also contest the extent of Sinatra's disability, impairment of earning capacity, and causal relationship of his injuries to his alleged fall.

## III. Reasons why Settlement is in Sinatra's Best Interest

Sinatra would have difficulty establishing causation and damages as neither is well-grounded for myriad reasons and because defendant's medical expert had concluded that Sinatra could have returned to work within a matter weeks.

Sinatra has also recently been hired as a crewman for a major cruise line where the work conditions are suitable for his physical condition and where he will average forty hours per week.

## IV. Plaintiff's Injuries

The plaintiff allegedly suffered a lumbosacral (lower spine) contusion.

## V. Worker's Compensation Lien and Lien Compromise

As a result of this alleged incident, Liberty Mutual paid Sinatra worker's compensation indemnity benefits of $32,947.46 and $17,785.77 in medical expenses. Liberty's total statutory lien is $50,733.23. Liberty's share of attorney's fees and legal costs is 49.90%.

Notwithstanding, Liberty has agreed to reduce its lien to the net amount of $6,000.00 in full satisfaction of its lien.

Future medical bills will be subject to a full "Hunter" offset.  *See* Hunter v. Midwest Coast Transport, Inc., 400 Mass. 779 (1987).  Liberty will pay 59.92% of any future Chapter 152 benefits until the plaintiff/employee has been reimbursed for his share of attorney's fees and costs in the amount of $9,006.03 and Liberty has exhausted its offset of $6,024.35.  Thereafter Liberty will resume paying 100% of future reasonable and necessary medical expenses at approved workers compensation rates.

## VI.   SETTLEMENT APPORTIONMENT AND DISTRIBUTION

The gross settlement amount is $30,000.  Out of this amount, Liberty will receive the sum of $6,000.00 for reimbursement of its statutory lien.  Sinatra's counsel will receive the sum of $10,000.00 plus expense reimbursement of $7,975.65 for a total of $17,975.65.  Sinatra will receive the sum of $6,024.35.

For these reasons, Sinatra requests this court to approve the settlement pursuant to M.G.L. ch. 152, § 15.

    Gross Settlement:       $30,000.00

    Liberty:                 $6,000.00

    Plaintiff's Counsel:    $17,975.65

    Plaintiff:               $6,024.35

Respectfully submitted,

**For the Plaintiff**
James Sinatra,
By his attorney,

| | |
|---|---|
| /s/ David B. Kaplan | /s/ James Sinatra |
| DAVID B. KAPLAN | James Sinatra |
| **THE KAPLAN/BOND GROUP** | LMSS James Sinatra, Room 555 |
| 88 Black Falcon Avenue, Suite 301 | 45353 St. George's Avenue |
| Boston, MA 02210 | P.O. Box 75 |
| (617) 261-0080 | Piney Point, MD 20674 |
| BBO No. 258540 | (301) 994-0010, 7, 1, 555 |

**For the Defendant**                                   **For the Defendant**
Boston Towing and Transportation Co.,          Cypress Point Shipping, Ltd.,
By its attorneys,                                               By its attorneys,

| | |
|---|---|
| /s/ Kenneth N. Chiarello | /s/ Brandon L. Bigelow |
| Thomas J. Muzyka, BBO No. 365540 | Robert E. McDonnell, BBO No. 331470 |
| Kenneth N. Chiarello, BBO No. 639274 | Brandon L. Bigelow, BBO No. 651143 |
| **CLINTON & MUZYKA, P.C.** | **BINGHAM MCCUTCHEN, LLP** |
| One Washington Mall, Suite 1400 | 150 Federal Street |
| Boston, MA 02108 | Boston, MA 02110 |
| (617) 723-9165 | (617) 951-8000 |

  /s/ Gino A. Zonghetti
Gino A. Zonghetti
**KENNY STEARNS & ZONGHETTI**
26 Broadway
New York, NY, 10004
(212) 422-6111

**For the Worker's Compensation Insurer**
LIBERTY MUTUAL,

  /s/ Andrew Panagotopylos
Andrew Panagotopylos
**LIBERTY MUTUAL**
Weston Central Recovery Unit
13 Riverside Road
P.O. Box 9102
Weston, MA 02493
(800) 762-5026

DATE: August 14, 2006

> I hereby certify that a true copy of the above document was served via ECF upon each attorney of record and via first-class mail to all other parties of interest on August 14, 2006.
>
>   /s/ David B. Kaplan

4